SEYFARTH SHAW LLP
Jon D. Meer (SBN 144389)
jmeer@seyfarth.com
Michael Afar (SBN 298990)
mafar@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California  90067-3021
Telephone:   (310) 277-7200
Facsimile:    (310) 201-5219

SEYFARTH SHAW LLP
Amanda I. Fry (SBN 317093)
afry@seyfarth.com
601 South Figueroa Street, Suite 3300
Los Angeles, California 90017-5793
Telephone:   (213) 270-9600
Facsimile:    (213) 270-9601

Attorneys for Defendant
CONVERSE, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN MADEIRA, an individual, and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CONVERSE, INC., a Delaware corporation and DOES 1-50, inclusive,<br><br>Defendants. | Case No.    5:19-cv-154<br><br>**DEFENDANT CONVERSE, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT PURSUANT TO 28 U.S.C. §§ 1332(d), 1446, 1453**<br><br>[San Bernardino County Superior Court; Case No. CIVDS1830261]<br><br>Complaint Filed:  November 21, 2018<br><br>*[Filed concurrently with Civil Case Cover Sheet; Certification of Interested Parties; Declaration of Steve Nelson; Declaration of Rodney Pratt; and Corporate Disclosure Statement]* |

54352691v.2

TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF BRYAN MADEIRA AND HIS COUNSEL OF RECORD:

**PLEASE TAKE NOTICE** that Defendant Converse, Inc. ("Converse" or "Defendant") files this Notice of Removal, pursuant to 28 U.S.C. §§ 1331, 1332(c), 1332(d)(2), 1441(a), 1446, and 1453, to effectuate the removal of the above-captioned action, which was originally commenced in the Superior Court of the State of California in and for the County of San Bernardino, to the United States District Court for the Central District of California.  This Court has original jurisdiction over the action pursuant to the Class Action Fairness Act of 2005 ("CAFA") for the following reasons:

## I.   BACKGROUND

1.     On November 21, 2018, Plaintiff Bryan Madeira filed a class action complaint in the Superior Court of California for the County of San Bernardino, titled *Bryan Madeira, an individual, and on behalf of others similarly situated v. Converse, Inc., a Delaware corporation; and DOES 1 through 50, inclusive,* Case No. CIVDS1830261 (the "Complaint").  A true and correct copy of the Complaint is attached hereto as **Exhibit A**.

2.     Converse was served with the Summons and Complaint and accompanying documents on December 27, 2018.  True and correct copies of the (1) Service of Process Notice; (2) Summons; (3) Civil Case Cover Sheet; and (4) Certificate of Assignment is attached hereto as **Exhibit B**.

3.     Defendant filed its Answer to the Complaint on January 25, 2019.  A true and correct copy of the Answer is attached hereto as **Exhibit C**.  Defendant has not filed any other pleadings or papers in this action prior to this Notice of Removal.

4.     The exhibits listed above constitute all prior pleadings, process, and orders filed with the court in this matter.

1

DEFENDANT CONVERSE, INC.'S NOTICE OF REMOVAL

## II.   **TIMELINESS OF REMOVAL**

5.     The time for filing a Notice of Removal does not run until a party has been formally served with the summons and complaint under the applicable state law "setting forth the claim for relief upon which such action or proceeding is based" or, if the case stated by the initial pleading is not removable, after receipt of any "other paper from which it may be first ascertained that the case is one which is or has become removable." 28 U.S.C. §§ 1446; *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) (holding that "a named Defendants' time to remove is triggered by simultaneous service of the summons and complaint").

6.     The service of process which triggers the 30-day period to remove is governed by state law.  *City of Clarksdale v. BellSouth Telecomms., Inc.*, 428 F.3d 206, 210 (5th Cir. 2005) ("Although federal law requires the defendant to file a removal motion within thirty days of service, the term 'service of process' is defined by state law.").

7.     The 30-day time limit to remove was triggered by Plaintiff's service of the Summons and Complaint on September 12, 2018.  *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) (holding that "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint").

8.     This Notice of Removal is timely because it is filed within thirty (30) days of service of the Complaint, by personal service on the agents for service of process for Defendant, on December 27, 2018.  Cal. Code Civ. Proc. § 415.10 ("A summons may be served by personal delivery of a copy of the summons and of the complaint to the person to be served.  Service of a summons in this manner is deemed complete at the time of such delivery."); 28 U.S.C. § 1446(b).

## III.   **CLASS ACTION FAIRNESS ACT ("CAFA") REMOVAL**

9.     This Court has original jurisdiction of this action under CAFA, codified in pertinent part at 28 U.S.C. section 1332(d)(2).  As set forth below, this action is properly removable, pursuant to 28 U.S.C. section 1441(a), in that this Court has original

jurisdiction over the action, because the aggregate amount in controversy exceeds $5,000,000 exclusive of interest and costs, and the action is a class action in which at least one class member is a citizen of a state different from that of the Defendant. 28 U.S.C. §§ 1332(d)(2) & (d)(6).  Furthermore, the number of putative class members is greater than 100.  28 U.S.C. § 332(d)(5)(B); *see* Declaration of Steve Nelson in Support of Defendant's Notice of Removal ("Nelson Decl."), ¶ 4.

### A. Plaintiff And Defendant Are Minimally Diverse

10.    CAFA requires only minimal diversity for the purpose of establishing federal jurisdiction; that is, at least one purported class member must be a citizen of a state different from any named defendant.  28 U.S.C. § 1332(d)(2)(A).  In the instant case, Plaintiff is a citizen of a state (California) that is different from the state of citizenship of the Defendant (Delaware and Massachusetts).

### 1. Plaintiff Is A Citizen Of California

11.    For purposes of determining diversity, a person is a "citizen" of the state in which he or she is domiciled.  *Kantor v. Wellesley Galleries, Inc.*, 704 F.2d 1088, 1090 (9th Cir. 1983) ("To show state citizenship for diversity purposes under federal common law a party must . . . be domiciled in the state.").  Residence is *prima facie* evidence of domicile.  *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) ("the place of residence is prima facie the domicile"); *see also Zavala v. Deutsche Bank Trust Co. Americas*, No. C 13-1040 LB, 2013 WL 3474760, at *3 (N.D. Cal. July 10, 2013) (where a plaintiff's complaint alleges he resides in California, "in the absence of evidence to the contrary, [plaintiff] is a California citizen for diversity purposes").  Citizenship is determined by the individual's domicile at the time that the lawsuit is filed.  *Armstrong v. Church of Scientology Int'l*, 243 F.3d 546, 546 (9th Cir. 2000) ("For purposes of diversity jurisdiction, an individual is a citizen of his or her state of domicile, which is determined at the time the lawsuit is filed") (citing *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986)).

12.    In his Complaint, Plaintiff alleges that he "is a male resident of the State of California and a former employee of [Converse]" and that the "Superior Court of the

State of California has jurisdiction in this matter because Plaintiff is a resident of the State of California." (Ex. A, Compl. ¶¶ 1, 3.) Plaintiff was also domiciled in California while he worked for Defendant at a Converse distribution center located in Ontario, California. (Nelson Decl., ¶ 9.)

13.     Additionally, Plaintiff provided Defendant with his home address during the course of his employment for purposes of his personnel file, payroll checks, state payroll, and tax withholdings. (Nelson Decl., ¶ 10.) Defendant's review of Plaintiff's personnel file from his employment with Defendant reveals that Plaintiff resides in San Bernardino County, California. (*Id.*) A public records search for Plaintiff also reveals that he resides in San Bernardino County, California. (*Id.*)

14.     Plaintiff's intent to remain domiciled in California is evident from the fact that he brought his lawsuit against Converse in San Bernardino Superior Court. Therefore, Plaintiff was at all relevant times, and still is, a citizen and resident of the State of California.

### 2.     Defendant Converse, Inc. Is Not A Citizen Of California

15.     Defendant, is, and was at the time of the filing of this action, a citizen of a state other than California within the meaning of 28 U.S.C. section 1332(c)(1). For purposes of diversity jurisdiction, a corporation is deemed a citizen of the state "by which it has been incorporated" and of the state "where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

16.     Converse is now, and ever since this action commenced has been, incorporated under the laws of the State of Delaware, with its principal place of business in Boston, Massachusetts. (Declaration of Rodney Pratt in Support of Defendant's Notice of Removal ("Pratt Decl."), ¶ 3.) Thus, for purposes of diversity jurisdiction, Defendant is a citizen of Delaware.

17.     Further, as shown below, Defendant's principal place of business is, and has been at all times since this action commenced, located in the State of Massachusetts.

DEFENDANT CONVERSE, INC.'S NOTICE OF REMOVAL

54352691v.2

1  (Pratt Decl., ¶¶ 4-5.)  Thus, for purposes of diversity jurisdiction, Defendant is also a
2  citizen of Massachusetts.

3       18.     The United States Supreme Court held that when determining a
4  corporation's principal place of business for diversity purposes, the appropriate test is the
5  "nerve center" test.  *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81, 92-93 (2010).  Under the
6  "nerve center" test, the principal place of business is the state where the "corporation's
7  officers direct, control, and coordinate the corporation's activities" and where the
8  corporation maintains its headquarters.  *Id.*  Other relevant factors include where
9  corporate executives maintain their offices, where corporate policies and procedures are
10  made, and where primary corporate functions are based.  *See Ho v. Ikon Office Solutions,*
11  *Inc.*, 143 F. Supp. 2d 1163, 1168 (N.D. Cal. 2001) (nerve center found to be location
12  where corporation's headquarters were located, where the corporate officers worked, and
13  from where corporate policies and procedures were made).

14       19.     Under the "nerve center" test, Massachusetts emerges as Defendant's
15  principal place of business.  Boston, Massachusetts is the site of Converse's corporate
16  headquarters and executive offices, where its high level officers direct, control, and
17  coordinate Converse's activities.  (Pratt Decl., ¶ 4.)  Furthermore, many of Converse's
18  executive and administrative functions, including corporate financing and accounting, are
19  directed from Boston Massachusetts.  (Pratt Decl., ¶ 5.)  Accordingly, Converse's
20  principal place of business is Boston, Massachusetts under the "nerve center" test.  *See*
21  *Hertz Corp.*, 130 S. Ct. at 1192.

22       20.     Therefore, for diversity of citizenship purposes, Converse is, and has been at
23  all times since this action commenced, a citizen of the States of Delaware and
24  Massachusetts.  28 U.S.C. § 1332(c)(1).

25       21.     Because Plaintiff is a citizen of California and Defendant is a citizen of
26  Delaware and Massachusetts, minimal diversity exists for purposes of CAFA.

27       22.     **Doe Defendants.**  The presence of Doe defendants in this case has no
28  bearing on diversity of citizenship for removal.  28 U.S.C. § 1441(a) ("For purposes of

DEFENDANT CONVERSE, INC.'S NOTICE OF REMOVAL

removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded."); *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition); *see also Soliman v. Philip Morris, Inc.*, 311 F. 3d 966, 971 (9th Cir. 2002) ("citizenship of fictitious defendants is disregarded for removal purposes and becomes relevant only if and when the plaintiff seeks leave to substitute a named defendant").  Thus, the existence of Doe defendants one through fifty does not deprive this Court of jurisdiction.  *Abrego Abrego v. Dow Chemical Co.*, 443 F.3d 676, 679-80 (9th Cir. 2006) (rule applied in CAFA removal).

### B.    The Amount In Controversy Exceeds The Statutory Minimum

23.    CAFA requires that the amount in controversy exceed $5,000,000, exclusive of interest and costs.  28 U.S.C. § 1332(d)(2).  Under CAFA, the claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000.  28 U.S.C. § 1332(d)(6).  In addition, Congress intended for federal jurisdiction to be appropriate under CAFA "if the value of the matter in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (*e.g.*, damages, injunctive relief, or declaratory relief)."  Senate Judiciary Committee Report, S. Rep. No. 109-14, at 42 (2005), *reprinted in* 2005 U.S.C.C.A.N. 3, 40.  Moreover, the Senate Judiciary Committee's Report on the final version of CAFA makes clear that any doubts regarding the maintenance of interstate class actions in state or federal court should be resolved in favor of federal jurisdiction.  *Id*. at 42-43 ("[I]f a federal court is uncertain about whether 'all matters in controversy' in a purposed class action 'do not in the aggregate exceed the sum or value of $5,000,000, the court should err in favor of exercising jurisdiction over the case . . . .  Overall, new section 1332(d) is intended to expand substantially federal court jurisdiction over class actions.  Its provision should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.").

6

DEFENDANT CONVERSE, INC.'S NOTICE OF REMOVAL

24.     Plaintiff's Complaint does not allege the amount in controversy for the class he purports to represent.  Where a complaint does not allege a specific amount in damages, the removing defendant bears the burden of proving by a **preponderance of the evidence** that the amount in controversy exceeds the statutory minimum.  In *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588 (2013), the U.S. Supreme Court held that the proper burden of proof imposed upon a defendant to establish the amount in controversy is the preponderance of the evidence standard.  *Accord Rodriguez v. AT & T Mobility Servs. LLC*, 728 F.3d 975, 977 (9th Cir. 2013) ("the proper burden of proof imposed upon a defendant to establish the amount in controversy is the preponderance of the evidence standard").

25.     In 2011, Congress amended the federal removal statute to specify that, where the underlying state practice "permits recovery of damages in excess of the amount demanded . . . removal of the action is proper on the basis of an amount in controversy asserted . . . if the district court finds, by the **preponderance of the evidence**, that the amount in controversy exceeds the amount specified in section 1332(a)."  Pub.L. 112–63, December 7, 2011, 125 Stat. 758, § 103(b)(3)(C) (codified at 28 U.S.C. § 1446(c)(2) (emphasis added)); *accord Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 683 (9th Cir. 2006) ("Where the complaint does not specify the amount of damages sought, the removing defendant must prove by a preponderance of the evidence that the amount in controversy requirement has been met"); *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 701 (9th Cir. 2007) ("the complaint fails to allege a sufficiently specific total amount in controversy . . . we therefore apply the preponderance of the evidence burden of proof to the removing defendant").  The defendant must show that it is "more likely than not" that the jurisdictional threshold is met.  *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996) ("[W]here a plaintiff's state court complaint does not specify a particular amount of damages, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds $50,000. Under this burden, the defendant must provide evidence establishing that it is 'more

7

DEFENDANT CONVERSE, INC.'S NOTICE OF REMOVAL

likely than not' that the amount in controversy exceeds that amount."); *Schiller v. David's Bridal, Inc.*, 2010 WL 2793650, at *2 (E.D. Cal. July 14, 2010) (same).

26. To satisfy this standard, the "defendants' notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. ——, 135 S.Ct. 547, 554 (2014).

27. The burden of establishing the jurisdictional threshold "is not daunting, as courts recognize that under this standard, a removing defendant is **not** obligated to research, state, and prove the plaintiff's claims for damages." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204-05 (E.D. Cal. 2008) (internal quotations omitted) (emphasis in original); *see also Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) ("the parties need not predict the trier of fact's eventual award with one hundred percent accuracy.").

28. It is well-settled that "the court must accept as true plaintiff's allegations as plead in the Complaint and assume that plaintiff will prove liability and recover the damages alleged." *Muniz v. Pilot Travel Ctrs. LLC*, 2007 WL 1302504, at *3 (E.D. Cal. May 1, 2007) (denying motion for remand of a class action for claims under the California Labor Code for missed meal and rest periods, unpaid wages and overtime, inaccurate wage statements, and waiting-time penalties).

29. As explained by the Ninth Circuit, "the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint." *Valdez*, 372 F.3d at 1117; *see also Rodriguez*, 728 F.3d at 981 (holding that the ordinary preponderance of the evidence standard applies even if a complaint is artfully pled to avoid federal jurisdiction); *Guglielmino.*, 506 F.3d at 702 (holding that even if a plaintiff affirmatively pled damages less than the jurisdictional minimum and did not allege a sufficiently specific total amount in controversy, the removing defendant is still only required to show by a preponderance of evidence that the amount in controversy exceeds the jurisdictional threshold).

54352691v.2

30.    If a plaintiff asserts statutory violations, the court must assume that the violation rate is 100% unless the plaintiff specifically alleges otherwise:

> As these allegations reveal, plaintiff includes no fact-specific allegations that would result in a putative class or violation rate that is discernibly smaller than 100%, used by defendant in its calculations.  Plaintiff is the "master of [her] claim[s]," and if she wanted to avoid removal, she could have alleged facts specific to her claims which would narrow the scope of the putative class or the damages sought.  She did not.

*Muniz*, 2007 WL 1302504, at *4 (citing *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)); *see also Soratorio v. Tesoro Ref. and Mktg. Co., LLC*, 2017 WL 1520416, at *3 (C.D. Cal. Apr. 26, 2017) ("Plaintiff's Complaint could be reasonably read to allege a 100% violation rate.  The Complaint notes that Defendants 'did not provide' Plaintiff and the other class members 'a thirty minute meal period for every five hours worked,' and that this was Defendants' 'common practice.'  It also alleges that Defendants had a practice of 'requiring employees to work for four hours and more without a rest period' and that Defendants had a 'common practice' of failing to provide required breaks."); *Arreola v. The Finish Line*, 2014 WL 6982571, *4 (N.D. Cal. Dec. 9, 2014) ("District courts in the Ninth Circuit have permitted a defendant removing an action under CAFA to make assumptions when calculating the amount in controversy—such as assuming a 100 percent violation rate, or assuming that each member of the class will have experienced some type of violation—when those assumptions are reasonable in light of the allegations in the complaint."); *Coleman v. Estes Express Lines, Inc*., 730 F. Supp. 2d 1141, 1149 (C.D. Cal. 2010) ("[C]ourts have assumed a 100% violation rate in calculating the amount in controversy when the complaint does not allege a more precise calculation.").

31.    Numerous other District Courts have similarly concluded that alleging a policy of noncompliance in a complaint justifies the assumption of a 100 percent violation rate.  *See Torrez v. Freedom Mortg., Corp.*, 2017 WL 2713400, at *3-5 (C.D. Cal. June 22, 2017) (where complaint alleged "FMC engaged in a pattern and practice of

9

DEFENDANT CONVERSE, INC.'S NOTICE OF REMOVAL

wage abuse against its hourly-paid or non-exempt employees within the state of California," the complaint "can reasonably be interpreted to imply nearly 100% violation rates"); *Franke v. Anderson Merchandisers LLC*, 2017 WL 3224656, at *2 (C.D. Cal. July 28, 2017) ("Courts in this Circuit have generally found the amount in controversy satisfied where a defendant assumes a 100% violation rate based on allegations of a 'uniform' illegal practice – or other similar language – and where the plaintiff offers no evidence rebutting this violation rate"); *Feao v. UFP Riverside, LLC*, 2017 WL 2836207, at *5 (C.D. Cal. June 26, 2017) ("Plaintiff's allegations contain no qualifying words such as 'often' or 'sometimes' to suggest less than uniform violation that would preclude a 100 percent violation rate."); *Soratorio*, *LLC*, 2017 WL 1520416, at *3 ("Plaintiff's Complaint could be reasonably read to allege a 100% violation rate.  The Complaint notes that Defendants 'did not provide' Plaintiff and the other class members 'a thirty minute meal period for every five hours worked,' and that this was Defendants' 'common practice.'  It also alleges that Defendants had a practice of 'requiring employees to work for four hours and more without a rest period' and that Defendants had a 'common practice' of failing to provide required breaks."); *Ritenour v. Carrington Mortg. Servs. LLC*, 228 F. Supp. 3d, 1025 1030 (C.D. Cal. 2017) ("Given the vague language of the Complaint and the broad definition of the class, it is reasonable for Defendants to assume a 100% violation rate – especially since Plaintiffs offer no alternative rate to challenge Defendant's calculations."); *Jones v. Tween Brands, Inc.*, 2014 WL 1607636, at *3 (C.D. Cal. Apr. 22, 2014) (using 100 percent violation rate for waiting-time penalties since the complaint did not limit the number or frequency of violations).

32.    The Complaint asserts 10 causes of action against all Defendants for: (1) "Failure to Provide Required Meal Periods"; (2) "Failure to Provide Required Rest Periods"; (3) "Failure to Pay Overtime Wages"; (4) "Failure to Pay Minimum Wages"; (5) "Failure to Pay All Wages Due to Discharged and Quitting Employees"; (6) "Failure to Maintain Required Records"; (7) "Failure to Furnish Accurate Itemized Wage Statements"; (8) "Failure to Indemnify Employees for Necessary Expenditures Incurred

10

DEFENDANT CONVERSE, INC.'S NOTICE OF REMOVAL

in Discharge of Duties"; (9) "Unfair and Unlawful Business Practices"; and (10) "Penalties under the Labor Code Private Attorneys General Act, as Representative Action."

33.     Plaintiff's Complaint seeks to certify a class of "all current and former non-exempt employees of Defendants in the State of California at any time within the period beginning four (4) years prior to the filing of this action and ending at the time this action settles or proceeds to final judgment." (Ex. A, Compl. ¶ 5.)

34.     The alleged amount in controversy in this class action, in the aggregate, exceeds $5,000,000.  The Complaint seeks relief on behalf of "all current and former non-exempt employees of [Converse] in the State of California at any time within the period beginning four (4) years prior to the filing of this action and ending at the time this action settles or proceeds to final judgment." (Ex. A, Compl. ¶ 5.)  Accordingly, given that Plaintiff's Complaint was filed on November 21, 2018, for purposes of the calculations in this Notice of Removal the "relevant time period" is from **November 21, 2014** until the present.

35.     During the time period identified in the Complaint, Converse employed approximately 2,203 non-exempt employees in California, who worked a total of approximately 136,825 workweeks.  (Nelson Decl., ¶ 4.)  The average hourly rate of pay for these individuals is approximately $14.48 per hour during the proposed class period. (Nelson Decl., ¶ 5.)

36.     Plaintiff alleges that he and the putative class he seeks to represent were subject to Defendant's "systemic course of illegal payroll practices and policies, which was applied to all non-exempt employees in violation of the Labor Code, the applicable IWC wage order, and the Business and Professions Code which prohibits unfair business practices arising from such violations." (Ex. A, Compl. ¶ 14(b).)  Plaintiff further alleges that he and the putative class he seeks to represent were subject to Defendant's "policies and practices of not paying [him and the putative class members] all wages earned and due, through methods and schemes which include, but are not limited to, failing to pay

11

DEFENDANT CONVERSE, INC.'S NOTICE OF REMOVAL

overtime premiums; failing to provide rest and meal periods; failing to properly maintain records; failing to provide accurate itemized statements for each pay period; failing to properly compensate [him and the putative class members] for necessary expenditures; and requiring, permitting or suffering the employees to work off the clock, in violation of the California Labor Code and the applicable Welfare Commission ("IWC") Orders." (Ex. A, Compl. ¶ 11.)

37.     Plaintiff seeks to recover, on behalf of himself and the alleged class, unpaid wages and penalties for Defendant's alleged failure to pay minimum and overtime wages, failure to provide meal and rest breaks, failure to pay all wages due upon resignation or termination of employment, failure to indemnify for necessary business expenses, failure to provide accurate and complete itemized wage statements, and unfair business practices. (Ex. A, Compl. Prayer for Relief.) Plaintiff also seeks attorneys' fees and costs for all causes of action. (*Id.*) Plaintiff also seeks civil penalties under PAGA. (*Id.*)

38.     As set forth below, the amount in controversy implicated by the class-wide allegations exceeds $5,000,000. **All calculations supporting the amount in controversy are based on the Complaint's allegations, assuming, without any admission, the truth of the facts alleged and assuming liability is established.** When the amount in controversy is not apparent from the face of the Complaint, a defendant may state underlying facts supporting its assertion that the amount in controversy exceeds the jurisdictional threshold. *Abrego*, 443 F.3d at 682-83.

39.     The calculations below show that the alleged amount in controversy exceeds $5,000,000, when considering non-exempt employees of Defendant, such as Plaintiff.

### 1.     Meal And Rest Period Claims

40.     For his first cause of action, Plaintiff claims that "as part of Defendants' illegal payroll policies and practices to deprive their non-exempt employees all wages earned and due, Defendants required or otherwise suffered Plaintiff and Class Members to take less than the 30-minute meal period, or to work through them, and have failed to otherwise provide the required meal periods to Plaintiff and Class Members...." (Ex. A,

DEFENDANT CONVERSE, INC.'S NOTICE OF REMOVAL

Compl. ¶ 16.)  For his second cause of action, Plaintiff claims that "as part of Defendants' illegal payroll policies and practices to deprive their non-exempt employees all wages earned and due, Defendants failed to provide rest periods to Plaintiff and Class Members…."  (Ex. A, Compl. ¶ 21.)  For both causes of action, Plaintiff also claims that Defendant failed to compensate him and the putative class members "one additional hour of compensation at each employee's regular rate of pay for each workday that a meal period was not provided" and "one additional hour of compensation at each employees' regular rate of pay for each workday that a rest period was not provided."  (Ex. A, Compl. ¶¶ 16, 22.)

41.     Plaintiff further alleges that Defendant had a "**systemic course** of illegal payroll practices and policies, which was applied to all non-exempt employees…."  (Ex. A, Compl. ¶ 14(b); emphasis added).  Plaintiff further alleges that his claims are "**typical** of the class because [Converse] subjected **all** non-exempt employees to **identical** violations of the Labor Code, the applicable MC wage order, and the Business and Professions Code."  (Ex. A, Compl. ¶ 14(c); emphasis added.)

42.     Plaintiff seeks separate payments for (1) denial of meal periods and (2) denial of rest breaks.  (Ex. A, Compl. ¶¶ 16, 22; Prayer for Relief ¶ 3.)  Labor Code § 226.7 requires employers to pay an extra hour's pay to employees who are not provided a meal period or a rest period.  Case law makes clear that an employee is entitled to an additional hour's wages per day, for both a rest and meal period violation each day.  *Lyon v. W.W. Grainger, Inc.*, 2010 WL 1753194, *4 (N.D. Cal. Apr. 29, 2010) (noting that Labor Code section 226.7 provides recovery for one meal break violation per work day and one rest break violation per work day).  Plaintiff alleges each putative class member is entitled to meal break premiums for each meal period missed and rest break premiums for each rest period missed.

43.     The statute of limitations for recovery for meal or rest period premium pay under California Labor Code section 226.7 pay is three years.  *Murphy v. Kenneth Cole Prods., Inc.*, 40 Cal. 4th 1094, 1099 (2007) ("[T]he remedy provided in Labor Code

13

section 226.7 constitutes a wage or premium pay and is governed by a three-year statute of limitations."). However, Plaintiff alleges a claim for meal and rest break premium pay as part of his unfair competition claim under Business and Professions Code section 17200, et seq. (Ex. A, Compl., ¶¶ 52, 54.) Although Defendant contends that meal and rest break premium pay cannot be recovered under Business and Professions Code section 17200 (*Pineda v. Bank of America, N.A.*, 50 Cal. 4th 1389, 1401 (2010)), according to the allegations of his Complaint, the four-year statute of limitations applies for purposes of removal. Cal. Bus. & Prof. Code § 17208. Thus, for determining the amount in controversy, the four-year statute of limitations applies.

44. Since Plaintiff alleges that, as a part of Defendant's "systemic course of illegal payroll practices and policies" (Ex. A, Compl., ¶ 14(b)), Defendant "required or otherwise suffered Plaintiff and Class Members to take less than the 30-minute meal period, or to work through them, and ha[s] failed to otherwise provide the required meal periods [and rest periods] to Plaintiff and Class Members" (Ex. A, Compl., ¶¶ 16, 22.) and "subjected all non-exempt employees to identical violations of the Labor Code…" (Ex. A, Compl., ¶ 14(c)), the Complaint contemplates a 100% violation rate. Accordingly, a 100 percent violation rate can properly be assumed for purposes of calculating the amount in controversy of Plaintiff's meal and rest period claims. *See Muniz*, 2007 WL 1302504, at *4 (citing *Caterpillar, Inc.*, 482 U.S. at 392 (finding a 100 percent violation rate appropriate when "plaintiff includes no fact-specific allegations that would result in a putative class or violation rate that is discernibly smaller than 100%").

45. Plaintiff is silent as to the amount of alleged meal periods or rest periods he claims to have been denied, thereby precluding precise estimates of the amount in controversy. While Defendant is entitled to assume a 100 percent violation rate (*i.e.*, five missed meal periods and five missed rest periods per workweek) based on the allegations

14

DEFENDANT CONVERSE, INC.'S NOTICE OF REMOVAL

in the Complaint, Defendant will conservatively assume that putative class members were not provided just one meal period and one rest period each workweek.[1]

46.     As stated above, there are approximately 2,203 current or former non-exempt employees of Converse in California during the time period identified in the Complaint, who worked a total of approximately 136,825 workweeks.  (Nelson Decl., ¶ 4.)  Assuming that the employees were not provided just one meal period and one rest period each workweek, the amount in controversy for Plaintiff's meal and rest period claims is **$3,962,452** [($14.48/hour * 2 premium payments * 136,825 workweeks)].

## 2.     Unpaid Minimum Wage And Overtime Compensation

47.     For his third and fourth causes of action, Plaintiff alleges that Defendant "failed to compensate [him] and class members for all overtime hours worked … by, among other things: failing to pay overtime at one and one-half (1 1/2) or double the regular rate of pay" (Ex. A, Compl. ¶ 26), and "failed to compensate [him] and class members for all overtime hours [and minimum wages for all hours] worked by, among other things: requiring, permitting or suffering Plaintiff and class members to work off the clock; requiring, permitting or suffering Plaintiff and class members to work through meal and rest breaks; illegally and inaccurately recording time in which Plaintiff and class members worked…." (Ex. A, Compl. ¶¶ 26, 31.)

48.     Plaintiff does not, however, provide any details in terms of how many hours per day or week he and the putative class members allegedly worked without compensation.  However, activities that take only ten minutes or less outside an employee's scheduled working hours are generally considered *de minimis* outside of California, and thus not compensable.  *See*, *e.g.*, *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 692 (1946); *Lindow v. United States*, 738 F.2d 1057, 1062, 1063 (9th Cir.

---

[1] Indeed, Plaintiff cannot allege that this action "involves common questions of law and fact to the potential class" without also implicitly alleging that each putative class member suffered at least one meal period or rest period violation per week based on "Defendants' systemic course of illegal payroll practices and policies."  (Ex. A, Compl. ¶ 14(b).)

DEFENDANT CONVERSE, INC.'S NOTICE OF REMOVAL

1984) ("[i]t is only when an employee is required to give up a substantial measure of his time and effort that compensable working time is involved"; "most courts have found daily periods of 10 minutes *de minimis* even though otherwise compensable"). And, although the California Supreme Court recently held that the *de minimis* doctrine may not be available in defending against unpaid wage claims under the California Labor Code in many contexts, it addressed specifically instances involving regular or routine minutes of off-the-clock work, and indicated that the defense may still be available in the context of "minute or irregular" instances of compensable time. *Troester v. Starbucks Corp.*, 5 Cal. 5th 829, 835 (2018).

49. The statute of limitations for recovery of unpaid wages under California Labor Code Section 1194 is three years. *See* Cal. Code Civ. § Proc. 338. Plaintiff's UCL claim, however, extends the liability period of the overtime and minimum wage claim to four years. *See* Cal. Bus. & Prof. Code § 17208 ("Any action to enforce any cause of action pursuant to [the UCL] shall be commenced within four years after the cause of action accrued."). Thus, for determining the amount in controversy for Plaintiff's overtime and minimum wage claim, the UCL's four-year statute of limitations applies.

50. Thus, although Defendant denies Plaintiff's allegations or that he or the putative class are entitled to any relief, it is reasonable to assume, based on Plaintiff's allegations and the remaining applicability of the *de minimis* rule, that employees worked, at minimum, 30 minutes of unpaid time per week. As such, the reasonable estimate of the amount in controversy for Plaintiff's third and fourth causes of action is **$1,485,919** [($14.48/hour * 0.5 hours per week * 136,825 workweeks * 1.5 OT premium)].

### 3. Waiting Time Penalties

51. For Plaintiff's fifth cause of action, he alleges that "[d]uring the class period, Defendants have willfully failed to pay accrued wages and other compensation to Plaintiff and class members in accordance with California Labor Code §§ 201 and 202." (Ex. A, Compl. ¶ 37.) Plaintiff seeks waiting time penalties, not to exceed 30 days of

penalties for each class member.  Lab. Code § 203; Ex. A, Compl. ¶ 38.  Pursuant to Labor Code § 203, an employer who willfully fails to pay all wages due at the time of termination or resignation results in a penalty of continued wages for each day a former employee is not paid, up to a thirty day maximum.  *See* Cal. Lab. Code § 203(a).

52.     The statute of limitations period for California Labor Code § 203 penalties extends back only three years from the date of filing of the complaint, or November 21, 2015.  *See Pineda*, 50 Cal. 4th at 1399 ("if an employer failed to timely pay final wages to an employee who quit or was fired, the employee would have had one year to sue for the section 203 penalties but, under Code of Civil Procedure section 338, subdivision (a) (Stats.1935, ch. 581, § 1, p. 1673), three years to sue for the unpaid final wages giving rise to the penalty").

53.     From November 21, 2015 to the present, 241 non-exempt employees were separated from their employment.  (Nelson Decl., ¶ 8.)  Accordingly, although Defendant disputes liability, a reasonable estimate of the amount in controversy for section 203 penalties is **$837,523** [$14.48/hour x 8 hours/day x 30 days x 241 former employees].[2]

## 4.    Wage Statement Penalties

54.     For Plaintiff's sixth and seventh causes of action, he alleges that Defendant failed to maintain and provide the putative class with accurate itemized wage statements, in violation of California Labor Code section 226.  (Ex. A, Compl. ¶¶ 41, 44.)  Plaintiff further alleges that "during the Class Period, [Converse] knowingly and intentionally failed to provide Plaintiff and Class Members with timely, accurate, and itemized wage statements."  (Ex. A, Compl. ¶ 45.)

55.     Labor Code section 226(e) provides a minimum of $50 for the initial violation as to each employee, and $100 for each further violation as to each employee, up to a maximum penalty of $4,000 per employee.  The statute of limitations for recovery

---

[2] The waiting-time penalty calculation does not include future damages, though they are properly considered.

DEFENDANT CONVERSE, INC.'S NOTICE OF REMOVAL

of penalties under Labor Code section 226 is one year. *Caliber Bodyworks, Inc. v. Sup. Ct.*, 134 Cal. App. 4th 365, 376 (2005); Cal. Civ. Proc. Code § 340(a).

56.     Converse pays its non-exempt employees every two weeks. (Nelson Decl., ¶ 6.) Accordingly, there are approximately 26 pay periods per year. (*Id.*)

57.     Based on Plaintiff's allegations that he and the putative class were subject to off-the-clock work and were not paid the correct overtime rate, Plaintiff alleges that Defendant "**routinely** failed to provide Plaintiff and class members with timely, accurate, and itemized wage statements in writing showing … all applicable hourly rates in effect during each pay period and the corresponding number of hours worked at each hourly rate…." (Ex. A, Compl. ¶ 44.) (emphasis added).

58.     Plaintiff filed his Complaint on November 21, 2018. Therefore, the statutory period for a claim under California Labor Code § 226 runs from November 21, 2017 to the present.

59.     During the one-year statute of limitations period for the wage statement claim, 1,045 putative class members worked approximately 27,710 pay periods. (Nelson Decl., ¶ 7.) Thus, the amount in controversy for Plaintiff's sixth and seventh causes of action for wage statement penalties is **$2,718,750** [($100 x 27,710 pay periods) - ($50 for the initial pay period x 1,045 initial pay periods)].

60.     Although Defendant denies Plaintiff's allegations or that he or the putative class are entitled to any relief for the above-mentioned claims, based on the forgoing calculations, the aggregate amount in controversy for the putative class for all asserted claims, exclusive of attorneys' fees, is approximately **$9,004,374**, calculated as follows:

·     $ 3,962,452          Meal/Rest Period Claim

·     $ 1,485,919          Overtime and Unpaid Minimum Wage Claims

·     $ 837,253          Waiting Time Penalties Claim

·     $ 2,718,750          Wage Statement Claim

61.     The figures above do not take into account Plaintiff's claim for PAGA penalties, attorneys' fees, or Plaintiff's claim for liquidated damages for his unpaid minimum wage claim.

### 5.     Attorneys' Fees

62.     Plaintiff also seeks attorneys' fees.  (Ex. A, Compl. Prayer for Relief.) Requests for attorneys' fees must also be taken into account in ascertaining the amount in controversy.  *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees are to be included in amount in controversy, regardless of whether award is discretionary or mandatory); *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1010-11 (N.D. Cal. 2002) ("Where the law entitles the prevailing plaintiff to recover reasonable attorney fees, a reasonable estimate of fees likely to be incurred to resolution is part of the benefit permissibly sought by the plaintiff and thus contributes to the amount in controversy.")

63.     A reasonable estimate of fees likely to be recovered may be used in calculating the amount in controversy.  *Longmire v. HMS Host USA, Inc.*, 2012 WL 5928485, at *9 (S.D. Cal. Nov. 26, 2012) ("[C]ourts may take into account reasonable estimates of attorneys' fees likely to be incurred when analyzing disputes over the amount in controversy under CAFA.") (*citing Brady*, 243 F. Supp. 2d at 1010-11); *Muniz*, 2007 WL 1302504 at *4 (attorneys' fees appropriately included in determining amount in controversy).

64.     In a recent decision, the Ninth Circuit held that "a court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met."  *Fritsch v. Swift Transp. Co. of Arizona, LLC*, --- F.3d ----, 2018 WL 3748667, at *6 (9th Cir. Aug. 8, 2018); *see also Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414-15 (9th Cir. 2018) ("[T]he amount in controversy is not limited to damages incurred prior to removal—for example, it is not limited to wages a plaintiff-employee would have earned before removal (as opposed to after removal).  Rather, the amount in controversy is determined by the complaint operative at the time of removal

19

and encompasses all relief a court may grant on that complaint if the plaintiff is victorious."); *Lucas v. Michael Kors (USA), Inc.*, 2018 WL 2146403 (C.D. Cal. May 9, 2018) (holding that "unaccrued post-removal attorneys' fees can be factored into the amount in controversy" for CAFA jurisdiction).

65.    In the class action context, courts have found that 25 percent of the aggregate amount in controversy is a benchmark for attorneys' fees award under the "percentage of fund" calculation and courts may depart from this benchmark when warranted.  *See Campbell v. Vitran Exp., Inc.*, 471 F. App'x 646, 649 (9th Cir. 2012) (attorneys' fees appropriately included in determining amount in controversy under CAFA); *Powers v. Eichen*, 229 F.3d 1249, 1256-57 (9th Cir. 2000) ("We have also established twenty-five percent of the recovery as a 'benchmark' for attorneys' fees calculations under the percentage-of-recovery approach"); *Wren v. RGIS Inventory Specialists*, 2011 U.S. Dist. LEXIS 38667 at *78-84 (N.D. Cal. Apr. 1, 2011) (finding ample support for adjusting the 25% presumptive benchmark upward and found that plaintiffs' request for attorneys' fees in the amount of 42% of the total settlement payment was appropriate and reasonable in the case); *Cicero v. DirecTV, Inc.*, 2010 U.S. Dist. LEXIS 86920 at *16-18 (C.D. Cal. July 27, 2010) (finding attorneys' fees in the amount of 30% of the total gross settlement amount to be reasonable); *see also In re Quintas Secs. Litig.*, 148 F. Supp. 2d 967, 973 (N.D. Cal. 2001) (noting that in the class action settlement context the benchmark for setting attorneys' fees is 25 percent of the common fund).  Even under the conservative benchmark of 25 percent of the total recovery, attorneys' fees alone would be upward of **$2,251,093** in this case.

66.    Although Defendant denies Plaintiff's allegations that he or the putative class are entitled to any relief, based on Plaintiff's allegations and prayer for relief, the total amount in controversy exceeds **$11,255,467**, including attorneys' fees.[3]  This

---

[3] Approximately $9,004,374 for the causes of action alleged in the Complaint, plus $2,251,093 in attorneys' fees as 25% of the total potential recovery, results in a total amount in controversy of at least $11,255,467.

DEFENDANT CONVERSE, INC.'S NOTICE OF REMOVAL

amount far exceeds the $5,000,000 threshold set forth under 28 U.S.C. § 1332(d)(2) for removal jurisdiction.

67.    Accordingly, because diversity of citizenship exists, and the amount in controversy exceeds $5,000,000, this Court has original jurisdiction of this action pursuant to 28 U.S.C. section 1332(d)(2).  This action is therefore a proper one for removal to this Court pursuant to 28 U.S.C. section 1441(a).

68.    To the extent that Plaintiff has alleged any other claims for relief in the Complaint over which this Court would not have original jurisdiction under 28 U.S.C. section 1332(d), the Court has supplemental jurisdiction over any such claims pursuant to 28 U.S.C. section 1367(a).

## IV.    VENUE AND INTRADISTRICT ASSIGNMENT

69.    Venue lies in the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1391(a), 1441, 1446(a) and 84(c).  This action originally was brought in San Bernardino County Superior Court of the State of California, which is located within the Central District of California.  28 U.S.C. § 84(c). Therefore, venue is proper because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).   The County of San Bernardino is located within the jurisdiction of the United States District Court, Central District of California, Eastern Division.

## V.    NOTICE OF REMOVAL

70.    A true and correct copy of this Notice of Removal will be promptly served on Plaintiff and filed with the Clerk of the Superior Court of the State of California, County of San Bernardino.  The Notice of Removal is concurrently being served on all parties and counsel of record.

## VI.    PRAYER FOR REMOVAL

71.    WHEREFORE, Defendant prays that the above action now pending before the Superior Court of the State of California for the County of San Bernardino be removed to the United States District Court for the Central District of California.

DEFENDANT CONVERSE, INC.'S NOTICE OF REMOVAL

54352691v.2

1

2    DATED:  January 25, 2019                SEYFARTH SHAW LLP

3

4                                            By:  */s/ Michael Afar*
                                                 Jon Meer
5                                                Michael Afar
                                                 Amanda I. Fry
6                                            Attorneys for Defendant
                                             CONVERSE INC.
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT CONVERSE, INC.'S NOTICE OF REMOVAL

54352691v.2

# EXHIBIT A

1  MATERN LAW GROUP, PC
   Matthew J. Matern (SBN 159798)
2  mmatern@maternlawgroup.com
   Mikael Stahle (SBN 182599)
3  mstahle@maternlawgroup.com
   Irina A. Kirnosova (SBN 312565)
4  Ikirnosova@maternlawgroup.com
5  1230 Rosecrans Avenue, Suite 200
   Manhattan Beach, CA 90266
6  Tel: (310) 531-1900
   Facsimile: (310) 531-1901
7
8  Attorneys for Plaintiff BRYAN MADEIRA
   individually, and on behalf of others
9  similarly situated

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

NOV 21 2018

BY _____
MICHAEL WELCH II, DEPUTY

10             SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                        COUNTY OF LOS ANGELES

12

13  BRYAN MADEIRA, an individual, and on
    behalf of others similarly situated
14
15             Plaintiff,
16        vs.
17  CONVERSE INC., a Delaware corporation and
    DOES 1 through 50, inclusive,
18
               Defendants
19
20
21
22
23
24
25
26
27
28

CASE NO.: CIVDS1830261

COMPLAINT

**CLASS ACTION:**

1. Failure to Provide Required Meal Periods
2. Failure to Provide Required Rest Periods
3. Failure to Pay Overtime Wages
4. Failure to Pay Minimum Wages
5. Failure to Pay All Wages Due to Discharged and Quitting Employees
6. Failure to Maintain Required Records
7. Failure to Furnish Accurate Itemized Wage Statements
8. Failure to Indemnify Employees for Necessary Expenditures Incurred in Discharge of Duties
9. Unfair and Unlawful Business Practices

**REPRESENTATIVE ACTION:**

10. Penalties under the Labor Code Private Attorneys General Act, as Representative Action

DEMAND FOR JURY TRIAL

$459.00 1811026-1811mv
$1000.00 1811026-0313 mw

CLASS ACTION AND REPRESENTATIVE ACTION COMPLAINT

1   PLAINTIFF BRYAN MADEIRA ("PLAINTIFF") an individual, demanding a jury trial,

2   on behalf of herself and other persons similarly situated, hereby alleges as follows:

3   **JURISDICTION AND VENUE**

4   1.   The Superior Court of the State of California has jurisdiction in this matter because

5   PLAINTIFF is a resident of the State of California, and Defendants CONVERSE INC., a

6   Delaware corporation and DOES 1 through 50 inclusive (collectively "DEFENDANTS"), are

7   qualified to do business in California and regularly conduct business in California. Further, no

8   federal question is at issue because the claims are based solely on California law.

9   2.   Venue is proper in this judicial district and the County of Los Angeles, California

10  because PLAINTIFF, and other persons similarly situated, performed work for DEFENDANTS

11  in the County of Los Angeles, DEFENDANTS maintain offices and facilities and transact

12  business in the County of Los Angeles, and because DEFENDANTS' illegal payroll policies and

13  practices which are the subject of this action were applied, at least in part, to PLAINTIFF, and

14  other persons similarly situated, in the County of Los Angeles.

15  **PLAINTIFF**

16  3.   PLAINTIFF is a, male resident of the State of California and a former employee of

17  DEFENDANTS.

18  4.   PLAINTIFF, on behalf of himself and other similarly situated current and former

19  non-exempt employees of DEFENDANTS in the State of California at any time during the four

20  years preceding the filing of this action, and continuing while this action is pending, brings this

21  class action to recover, among other things, wages and penalties from unpaid wages earned and

22  due, including but not limited to unpaid minimum wages, unpaid and illegally calculated overtime

23  compensation, illegal meal and rest period policies, failure to pay all wages due to discharged and

24  quitting employees, failure to indemnify employees for necessary expenditures and/or losses

25  incurred in discharging their duties, failure to provide accurate itemized wage statements, failure

26  to maintain required records, and interest, attorneys' fees, costs, and expenses.

27  5.   PLAINTIFF brings this action on behalf of himself and the following similarly

28  situated class of individuals ("CLASS MEMBERS"): all current and former non-exempt

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

2

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

1    employees of DEFENDANTS in the State of California at any time within the period
2    beginning four (4) years prior to the filing of this action and ending at the time this action
3    settles or proceeds to final judgment (the "CLASS PERIOD").  PLAINTIFF reserves the right
4    to name additional class representatives.

5                                    **DEFENDANTS**

6          6.      PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT
7    CONVERSE INC. is, and at all times relevant hereto was, a California corporation organized and
8    existing under the laws of the State of California.  PLAINTIFF is further informed and believes,
9    and thereon alleges, that DEFENDANT CONVERSE INC. is authorized to conduct business in
10   the State of California, and does conduct business in the State of California. Specifically,
11   DEFENDANT CONVERSE INC. maintains offices and facilities and conducts business in, and
12   engages in illegal payroll practices or policies in, the County of Los Angeles, State of California.

13         7.      PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT
14   CONVERSE INC. is, and at all times relevant hereto was, a Delaware corporation organized and
15   existing under the laws of the State of Delaware.  PLAINTIFF is further informed and believes,
16   and thereon alleges, that DEFENDANT CONVERSE INC., is authorized to conduct business in
17   the State of California, and does conduct business in the State of California. Specifically,
18   CONVERSE INC., maintains offices and facilities and conducts business in, and engages in
19   illegal payroll practices or policies in, the County of Los Angeles, State of California.

20         8.      PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT
21   CONVERSE INC. is, and at all times relevant hereto was, a California corporation organized and
22   existing under the laws of the State of California.  PLAINTIFF is further informed and believes,
23   and thereon alleges, that DEFENDANT CONVERSE INC. is authorized to conduct business in
24   the State of California, and does conduct business in the State of California. Specifically,
25   DEFENDANT CONVERSE INC. maintains offices and facilities and conducts business in, and
26   engages in illegal payroll practices or policies in, the County of Los Angeles, State of California.

27         9.      The true names and capacities of DOES 1 through 50, inclusive, are unknown to
28   PLAINTIFF at this time, and PLAINTIFF therefore sues such DOE Defendants under fictitious

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

3

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

names. PLAINTIFF is informed and believes, and thereon alleges, that each Defendant designated as a DOE is in some manner highly responsible for the occurrences alleged herein, and that PLAINTIFF and CLASS MEMBERS' injuries and damages, as alleged herein, were proximately caused by the conduct of such DOE Defendants. PLAINTIFF will seek leave of the court to amend this Complaint to allege their true names and capacities of such DOE Defendants when ascertained.

10. At all relevant times herein, DEFENDANTS were the joint employers of PLAINTIFF and CLASS MEMBERS. PLAINTIFF is informed and believes, and thereon allege, that at all times material to this complaint DEFENDANTS were the alter egos, divisions, affiliates, integrated enterprises, joint employers, subsidiaries, parents, principals, related entities, co-conspirators, authorized agents, partners, joint venturers, and/or guarantors, actual or ostensible, of each other. Each Defendant was completely dominated by her, her or its co-Defendant, and each was the alter ego of the other.

11. At all relevant times herein, PLAINTIFF and CLASS MEMBERS were employed by DEFENDANTS under employment agreements that were partly written, partly oral, and partly implied. In perpetrating the acts and omissions alleged herein, DEFENDANTS, and each of them, acted pursuant to, and in furtherance of, their policies and practices of not paying PLAINTIFF and CLASS MEMBERS all wages earned and due, through methods and schemes which include, but are not limited to, failing to pay overtime premiums; failing to provide rest and meal periods; failing to properly maintain records; failing to provide accurate itemized statements for each pay period; failing to properly compensate PLAINTIFF and CLASS MEMBERS for necessary expenditures; and requiring, permitting or suffering the employees to work off the clock, in violation of the California Labor Code and the applicable Welfare Commission ("IWC") Orders.

12. PLAINTIFF is informed and believes, and thereon allege, that each and every one of the acts and omissions alleged herein were performed by, and/or attributable to, all DEFENDANTS, each acting as agents and/or employees, and/or under the direction and control of, each of the other DEFENDANTS, and that said acts and failures to act were within the course and scope of said agency, employment and/or direction and control.

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

4

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

13.     As a direct and proximate result of the unlawful actions of DEFENDANTS, PLAINTIFF and CLASS MEMBERS have suffered, and continue to suffer, from loss of earnings in amounts as yet unascertained, but subject to proof at trial, and within the jurisdiction of this Court.

## CLASS ACTION DESIGNATION

14.     This action is appropriately suited for a Class Action because:

a.     The potential class is a significant number.  Joinder of all current and former employees individually would be impractical.

b.     This action involves common questions of law and fact to the potential class because the action focuses on DEFENDANTS' systematic course of illegal payroll practices and policies, which was applied to all non-exempt employees in violation of the Labor Code, the applicable IWC wage order, and the Business and Professions Code which prohibits unfair business practices arising from such violations.

c.     The claims of PLAINTIFF are typical of the class because DEFENDANTS subjected all non-exempt employees to identical violations of the Labor Code, the applicable IWC wage order, and the Business and Professions Code.

d.     PLAINTIFF is able to fairly and adequately protect the interests of all members of the class because it is in his best interests to prosecute the claims alleged herein to obtain full compensation due to them for all services rendered and hours worked.

## FIRST CAUSE OF ACTION

### Failure to Provide Required Meal Periods

**[Cal. Labor Code §§ 226.7, 510, 512, 1194, 1197; IWC Wage Order No. 1-2001, § 11]**

**(Against all DEFENDANTS)**

15.     PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in paragraphs 1 through 14.

16.     During the CLASS PERIOD, as part of DEFENDANTS' illegal payroll policies and practices to deprive their non-exempt employees all wages earned and due, DEFENDANTS required, permitted or otherwise suffered PLAINTIFF and CLASS MEMBERS to take less than

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

5

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

1   the 30-minute meal period, or to work through them, and have failed to otherwise provide the

2   required meal periods to PLAINTIFF and CLASS MEMBERS pursuant to California Labor Code

3   § 226.7, 512 and IWC Order No. 1-2001, § 11.

4          17.    DEFENDANTS further violated California Labor Code §§ 226.7 and IWC Wage

5   Order No. 1-2001, § 11 by failing to compensate PLAINTIFF and CLASS MEMBERS who were

6   not provided with a meal period, in accordance with the applicable wage order, one additional

7   hour of compensation at each employee's regular rate of pay for each workday that a meal period

8   was not provided.

9          18.    DEFENDANTS further violated California Labor Code §§ 226.7, 510, 1194,

10  1197, and IWC Wage Order No. 1-2001 by failing to compensate PLAINTIFF and CLASS

11  MEMBERS for all hours worked during their meal periods.

12         19.    As a proximate result of the aforementioned violations, PLAINTIFF and CLASS

13  MEMBERS have been damaged in an amount according to proof at trial, and seek all wages

14  earned and due, interest, penalties, expenses, and costs of suit.

15                          **SECOND CAUSE OF ACTION**

16                    **Failure to Provide Required Rest Periods**

17        **[Cal. Labor Code §§ 226.7, 512; IWC Wage Order No. 1-2001, § 12]**

18                         **(Against all DEFENDANTS)**

19         20.    PLAINTIFF incorporates herein by specific reference, as though fully set forth, the

20  allegations in paragraphs 1 through 19.

21         21.    At all times relevant herein, as part of DEFENDANTS' illegal payroll policies and

22  practices to deprive their non-exempt employees all wages earned and due, DEFENDANTS

23  failed to provide rest periods to PLAINTIFF and CLASS MEMBERS as required under

24  California Labor Code §§ 226.7 and 512, and IWC Wage Order No. 1-2001, § 12.

25         22.    DEFENDANTS further violated California Labor Code § 226.7 and IWC Wage

26  Order No. 1-2001, § 12 by failing to pay PLAINTIFF and CLASS MEMBERS who were not

27  provided with a rest period, in accordance with the applicable wage order, one additional hour of

28  compensation at each employee's regular rate of pay for each workday that a rest period was not

MAYERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

6

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

1 | provided.

2 |     23.    As a proximate result of the aforementioned violations, PLAINTIFF and CLASS

3 | MEMBERS have been damaged in an amount according to proof at trial, and seek all wages

4 | earned and due, interest, penalties, expenses, and costs of suit.

5 | **THIRD CAUSE OF ACTION**

6 | **Failure to Pay Overtime Wages**

7 | **[Cal. Labor Code §§ 510, 1194, 1198; IWC Wage Order No. 1-2001, § 3]**

8 | **(Against all DEFENDANTS)**

9 |     24.    PLAINTIFF incorporates herein by specific reference, as though fully set forth, the

10 | allegations in paragraphs 1 through 23.

11 |     25.    Pursuant to California Labor Code §§ 510, 1194, and IWC Wage Order No. 1-

12 | 2001, § 3, DEFENDANTS are required to compensate PLAINTIFF and CLASS MEMBERS for

13 | all overtime, which is calculated at one and one-half (1 ½) times the regular rate of pay for all

14 | hours worked in excess of eight (8) hours per day and/or forty (40) hours per week, and for the

15 | first eight (8) hours on the seventh consecutive workday, with double time for all hours worked in

16 | excess of twelve (12) hours in any workday and for all hours worked in excess of eight (8) hours

17 | on the seventh consecutive day of work in any workweek.

18 |     26.    PLAINTIFF and CLASS MEMBERS are current and former non-exempt

19 | employees entitled to the protections of California Labor Code §§ 510, 1194, and IWC Wage

20 | Order No. 1-2001. During the CLASS PERIOD, DEFENDANTS failed to compensate

21 | PLAINTIFF and CLASS MEMBERS for all overtime hours worked as required under the

22 | foregoing provisions of the California Labor Code and IWC Wage Order by, among other things:

23 | failing to pay overtime at one and one-half (1 ½) or double the regular rate of pay as provided by

24 | California Labor Code §§ 510, 1194, and IWC Wage Order No. 1-2001, § 3; requiring, permitting

25 | or suffering PLAINTIFF and CLASS MEMBERS to work off the clock; requiring, permitting or

26 | suffering PLAINTIFF and CLASS MEMBERS to work through meal and rest breaks; illegally

27 | and inaccurately recording time in which PLAINTIFF and CLASS MEMBERS worked; failing to

28 | properly maintain PLAINTIFF's and CLASS MEMBERS' records; failing to provide accurate

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

7

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

1   itemized wage statements to PLAINTIFF for each pay period; and other methods to be

2   discovered.

3       27.    In violation of California law, DEFENDANTS have knowingly and willfully

4   refused to perform their obligations to compensate PLAINTIFF and CLASS MEMBERS for all

5   wages earned and all hours worked. As a proximate result, PLAINTIFF and CLASS MEMBERS

6   have suffered, and continue to suffer, substantial losses related to the use and enjoyment of such

7   wages, lost interest on such wages, and expenses and attorneys' fees in seeking to compel

8   DEFENDANTS to fully perform their obligations under state law, all to their respective damages

9   in amounts according to proof at time of trial, and within the jurisdiction of this Court.

10      28.    DEFENDANTS' conduct described herein violates California Labor Code §§ 510,

11   1194, 1198 and IWC Wage Order No. 1-2001, § 3. Therefore, pursuant to California Labor Code

12   §§ 200, 203, 226, 558, 1194, 1197.1, and other applicable provisions under the California Labor

13   Code and IWC Wage Orders, PLAINTIFF and CLASS MEMBERS are entitled to recover the

14   unpaid balance of wages owed to them by DEFENDANTS, plus interest, penalties, attorneys'

15   fees, expenses, and costs of suit.

16              **FOURTH CAUSE OF ACTION**

17              **Failure to Pay Minimum Wages**

18     **[Cal Labor Code §§ 1194, 1197; IWC Wage Order No. 1-2001, § 4]**

19              **(Against all DEFENDANTS)**

20      29.    PLAINTIFF incorporates herein by specific reference, as though fully set forth, the

21   allegations in paragraphs 1 through 28.

22      30.    Pursuant to California Labor Code §§ 1194, 1197, and IWC Wage Order No. 1-

23   2001, § 4, payment to an employee of less than the applicable minimum wage for all hours

24   worked in a payroll period is unlawful.

25      31.    During the CLASS PERIOD, DEFENDANTS failed to pay PLAINTIFF and

26   CLASS MEMBERS minimum wages for all hours worked by, among other things: requiring,

27   permitting or suffering PLAINTIFF and CLASS MEMBERS to work off the clock; requiring,

28   permitting or suffering PLAINTIFF and CLASS MEMBERS to work through meal and rest

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

8

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

1  breaks; illegally and inaccurately recording time in which PLAINTIFF and CLASS MEMBERS

2  worked; failing to properly maintain PLAINTIFF's and CLASS MEMBERS' records; failing to

3  provide accurate itemized wage statements to PLAINTIFF and CLASS MEMBERS for each pay

4  period; and other methods to be discovered.

5       32.    DEFENDANTS' conduct described herein violates California Labor Code §§

6  1194, 1197, and IWC Wage Order No. 1-2001, § 4. As a proximate result of the aforementioned

7  violations, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to

8  proof at trial. Therefore, pursuant to California Labor Code §§ 200, 203, 226, 558, 1194, 1197.1,

9  and other applicable provisions under the Labor Code and IWC Wage Orders, PLAINTIFF and

10  CLASS MEMBERS are entitled to recover the unpaid balance of wages owed to them by

11  DEFENDANTS, plus interest, penalties, attorneys' fees, expenses, and costs of suit.

12  **FIFTH CAUSE OF ACTION**

13  **Failure to Pay All Wages Due to Discharged and Quitting Employees**

14  **[Cal. Labor Code §§ 201, 202, 203]**

15  **(Against all DEFENDANTS)**

16       33.    PLAINTIFF incorporates herein by specific reference, as though fully set forth, the

17  allegations in paragraphs 1 through 32.

18       34.    Pursuant to California Labor Code § 201, 202, and 203, DEFENDANTS are

19  required to pay all earned and unpaid wages to an employee who is discharged. California Labor

20  Code § 201 mandates that if an employer discharges an employee, the employee's wages accrued

21  and unpaid at the time of discharge are due and payable immediately.

22       35.    Furthermore, pursuant to California Labor Code § 202, DEFENDANTS are

23  required to pay all accrued wages due to an employee no later than 72 hours after the employee

24  quits her or her employment, unless the employee provided 72 hours previous notice of her or her

25  intention to quit, in which case the employee is entitled to her or wages at the time of quitting.

26       36.    California Labor Code § 203 provides that if an employer willfully fails to pay, in

27  accordance with California Labor Code §§ 201 and 202, any wages of an employee who is

28  discharged or who quits, the employer is liable for waiting time penalties in the form of continued

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

9

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

1   compensation to the employee at the same rate for up to 30 workdays.

2       37.    During the CLASS PERIOD, DEFENDANTS have willfully failed to pay accrued

3   wages and other compensation to PLAINTIFF and CLASS MEMBERS in accordance with

4   California Labor Code §§ 201 and 202.

5       38.    As a result, PLAINTIFF and CLASS MEMBERS are entitled to all available

6   statutory penalties, including the waiting time penalties provided in California Labor Code § 203,

7   together with interest thereon, as well as other available remedies.

8       39.    As a proximate result of DEFENDANTS' unlawful actions and omissions,

9   PLAINTIFF and CLASS MEMBERS have been deprived of compensation in an amount

10  according to proof at the time of trial, but in excess of the jurisdiction of this Court, and are

11  entitled to recovery of such amounts, plus interest thereon, and attorneys' fees and costs, pursuant

12  to California Labor Code §§ 1194 and 2699.

13                         **SIXTH CAUSE OF ACTION**

14                      **Failure to Maintain Required Records**

15          **[Cal. Labor Code §§ 226; IWC Wage Order No. 1-2001, § 7]**

16                          **(Against all DEFENDANTS)**

17      40.    PLAINTIFF incorporates herein by specific reference, as though fully set forth, the

18  allegations in paragraphs 1 through 39.

19      41.    During the CLASS PERIOD, as part of DEFENDANTS' illegal payroll policies

20  and practices to deprive PLAINTIFF and CLASS MEMBERS of all wages earned and due,

21  DEFENDANTS knowingly and intentionally failed to maintain records as required under

22  California Labor Code §§ 226, 1174, and IWC Wage Order No. 1-2001, § 7, including but not

23  limited to the following records: total daily hours worked by each employee; applicable rates of

24  pay; all deductions; meal periods; time records showing when each employee begins and ends

25  each work period; and accurate itemized statements.

26      42.    As a proximate result of DEFENDANTS' unlawful actions and omissions,

27  PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at

28  trial, and are entitled to all wages earned and due, plus interest thereon. Additionally,

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

10

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

1  PLAINTIFF and CLASS MEMBERS are entitled to all available statutory penalties, including

2  but not limited to civil penalties pursuant to California Labor Code §§ 226(e), 226.3, and 1174.5,

3  and an award of costs, expenses, and reasonable attorneys' fees, including but not limited to those

4  provided in California Labor Code § 226(e), as well as other available remedies.

5  ### SEVENTH CAUSE OF ACTION

6  **Failure to Furnish Accurate Itemized Wage Statements**

7  **[Cal. Labor Code §§ 226, 1174; IWC Wage Order No. 1-2001, § 7]**

8  **(Against all DEFENDANTS)**

9      43.    PLAINTIFF incorporates herein by specific reference, as though fully set forth, the

10  allegations in paragraphs 1 through 42.

11      44.    During the CLASS PERIOD, DEFENDANTS routinely failed to provide

12  PLAINTIFF and CLASS MEMBERS with timely, accurate, and itemized wage statements in

13  writing showing each employee's gross wages earned, total hours worked, all deductions made,

14  net wages earned, the name and address of the legal entity or entities employing PLAINTIFF and

15  CLASS MEMBERS, and all applicable hourly rates in effect during each pay period and the

16  corresponding number of hours worked at each hourly rate, in violation of California Labor Code

17  § 226 and IWC Wage Order No. 1-2001, § 7.

18      45.    During the CLASS PERIOD, DEFENDANTS knowingly and intentionally failed

19  to provide PLAINTIFF and CLASS MEMBERS with timely, accurate, and itemized wage

20  statements in accordance with California Labor Code § 226(a).

21      46.    As a proximate result of DEFENDANTS' unlawful actions and omissions,

22  PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at

23  trial, and seek all wages earned and due, plus interest thereon. Additionally, PLAINTIFF and

24  CLASS MEMBERS are entitled to all available statutory penalties, including but not limited to

25  civil penalties pursuant to California Labor Code §§ 226(e), 226.3, and 1174.5, and an award of

26  costs, expenses, and reasonable attorneys' fees, including but not limited to those provided in

27  California Labor Code § 226(e), as well as other available remedies.

28  ### EIGHTH CAUSE OF ACTION

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

11

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

**Failure to Indemnify Employees for Necessary Expenditures Incurred in Discharge of**

**Duties**

**[Cal. Labor Code § 2802]**

**(Against all DEFENDANTS)**

47.     PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in paragraphs 1 through 46.

48.     California Labor Code § 2802(a) requires an employer to indemnify an employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of her or her duties, or of her or her obedience to the directions of the employer.

49.     During the CLASS PERIOD, DEFENDANTS knowingly and willfully failed to indemnify PLAINTIFF and CLASS MEMBERS for all business expenses and/or losses incurred in direct consequence of the discharge of their duties while working under the direction of DEFENDANTS, including but not limited to expenses for uniforms, cell phone usage, and other employment-related expenses, in violation of California Labor Code § 2802.

50.     As a proximate result of DEFENDANTS' unlawful actions and omissions, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial, and seek reimbursement of all necessary expenditures, plus interest thereon pursuant to California Labor Code § 2802(b).  Additionally, PLAINTIFF and CLASS MEMBERS are entitled to all available statutory penalties and an award of costs, expenses, and reasonable attorneys' fees, including those provided in California Labor Code § 2802(c), as well as other available remedies.

///

///

///

///

## NINTH CAUSE OF ACTION

**Unfair and Unlawful Business Practices**

**[Cal. Bus. & Prof. Code §§ 17200 et. seq.]**

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

12

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

**(Against all DEFENDANTS)**

51.     PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in paragraphs 1 through 50.

52.     Each and every one of DEFENDANTS' acts and omissions in violation of the California Labor Code and/or the applicable IWC Wage Order as alleged herein, including but not limited to DEFENDANTS' failure and refusal to provide required meal periods, DEFENDANTS' failure and refusal to provide required rest periods, DEFENDANTS' failure and refusal to pay overtime compensation, DEFENDANTS' failure and refusal to pay minimum wages, DEFENDANTS' failure and refusal to pay all wages due to discharged or quitting employees, DEFENDANTS' failure and refusal to furnish accurate itemized wage statements; DEFENDANTS' failure and refusal to maintain required records, DEFENDANTS' failure and refusal to indemnify PLAINTIFF and CLASS MEMBERS for necessary expenditures and/or losses incurring in discharging their duties, constitutes an unfair and unlawful business practice under California Business and Professions Code § 17200 et seq.

53.     DEFENDANTS' violations of California wage and hour laws constitute a business practice because DEFENDANTS' aforementioned acts and omissions were done repeatedly over a significant period of time, and in a systematic manner, to the detriment of PLAINTIFF and CLASS MEMBERS.

54.     DEFENDANTS have avoided payment of wages, overtime wages, meal periods, rest periods, and other benefits as required by the California Labor Code, the California Code of Regulations, and the applicable IWC Wage Order. Further, DEFENDANTS have failed to record, report, and pay the correct sums of assessment to the state authorities under the California Labor Code and other applicable regulations.

55.     As a result of DEFENDANTS' unfair and unlawful business practices, DEFENDANTS have reaped unfair and illegal profits during the CLASS PERIOD at the expense of PLAINTIFF, CLASS MEMBERS, and members of the public. DEFENDANTS should be made to disgorge their ill-gotten gains and to restore them to PLAINTIFF and CLASS MEMBERS.

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

13

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

1      56.    DEFENDANTS' unfair and unlawful business practices entitle PLAINTIFF and

2  CLASS MEMBERS to seek preliminary and permanent injunctive relief, including but not

3  limited to orders that DEFENDANTS account for, disgorge, and restore to PLAINTIFF and

4  CLASS MEMBERS the wages and other compensation unlawfully withheld from them.

5  PLAINTIFF and CLASS MEMBERS are entitled to restitution of all monies to be disgorged

6  from DEFENDANTS in an amount according to proof at the time of trial, but in excess of the

7  jurisdiction of this Court.

8

9                **TENTH CAUSE OF ACTION**

10         **Representative Action for Civil Penalties**

11         **[Cal. Labor Code §§ 2698–2699.5]**

12           **(Against All DEFENDANTS)**

13      57.    PLAINTIFF incorporates herein by specific reference as though fully set forth the

14  allegations in all preceding paragraphs, with exception of the allegations in paragraph 14 and the

15  subparagraphs thereto.

16      58.    PLAINTIFF is an "aggrieved employee" within the meaning of California Labor

17  Code § 2699(c), and a proper representative to bring a civil action on behalf of herself and other

18  current and former employees of DEFENDANTS pursuant to the procedures specified in

19  California Labor Code § 2699.3, because PLAINTIFF and CLASS MEMBERS were employed

20  by DEFENDANTS and the alleged violations of the California Labor Code were committed

21  against PLAINTIFF and CLASS MEMBERS.

22      59.    Pursuant to the California Private Attorneys General Act of 2004 ("PAGA"),

23  Labor Code §§ 2698–2699.5, PLAINTIFF and CLASS MEMBBERS seeks to recover civil

24  penalties, including but not limited to penalties under California Labor Code §§ 2699, 210,

25  226.3, 558, 1174.5, 1197.1, and IWC Wage Order No. 1-2001, § 20, from DEFENDANTS in a

26  representative action for the violations set forth above, including but not limited to violations of

27  California Labor Code §§ 201, 202, 203, 204, 226, 226.7, 510, 512, 1174, 1194, 1197, 1198, and

28  2802. PLAINTIFF and CLASS MEMBERS are also entitled to an award of reasonable attorneys'

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

14

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

1  fees and costs pursuant to California Labor Code § 2699(g)(1).

2      60.    Pursuant to California Labor Code §§ 2699.3, PLAINTIFF gave written notice on

3  August 7, 2018 by online filing to the California Labor and Workforce Development Agency

4  ("LWDA") and by certified mail to DEFENDANTS of the specific provisions of the California

5  Labor Code and IWC Wage Orders alleged to have been violated, including the facts and theories

6  to support the alleged violations. More than sixty-five (65) days have passed and the LWDA has

7  not provided notice to PLAINTIFF that it intends to investigate the alleged violations.

8      61.    Therefore, PLAINTIFF has complied with all of the requirements set forth in

9  California Labor Code § 2699.3 to commence a representative action under PAGA.

10                         **PRAYER FOR RELIEF**

11      **WHEREFORE**, PLAINTIFF, individually and on behalf of all other persons similarly

12  situated, respectfully prays for relief against DEFENDANTS and DOES 1 through 50, inclusive,

13  and each of them, as follows:

14      1.    For compensatory damages in an amount to be ascertained at trial;

15      2.    For restitution of all monies due to PLAINTIFF and CLASS MEMBERS, as well

16  as disgorged profits from DEFENDANTS' unfair and unlawful business practices;

17      3.    For meal and rest period compensation pursuant to California Labor Code § 226.7

18  and IWC Wage Order No. 1-2001;

19      4.    For liquidated damages pursuant to California Labor Code §§ 1194.2 and 1197.1;

20      5.    For preliminary and permanent injunctive relief enjoining DEFENDANTS from

21  violating the relevant provisions of the California Labor Code and the IWC Wage Orders, and

22  from engaging in the unlawful business practices complained of herein;

23      6.    For waiting time penalties pursuant to California Labor Code § 203;

24      7.    For statutory and civil penalties according to proof, including but not limited to all

25  penalties authorized by the California Labor Code §§ 226(e) and §§ 2698–2699.5;

26      8.    For interest on the unpaid wages at 10% per annum pursuant to California Labor

27  Code §§ 218.6, 1194, 2802, California Civil Code §§ 3287, 3288, and/or any other applicable

28  provision providing for pre-judgment interest;

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

15

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

1        9.     For reasonable attorneys' fees and costs pursuant to California Labor Code

2    §§ 1194, 2699, 2802, California Civil Code § 1021.5, and any other applicable provisions

3    providing for attorneys' fees and costs;

4        10.    For declaratory relief;

5        11.    For an order requiring and certifying the First, Second, Third, Fourth, Fifth, Sixth,

6    Seventh, Eighth, and Ninth Causes of Action as a class action;

7        12.    For an order appointing PLAINTIFF as class representative, and PLAINTIFF's

8    counsel as class counsel; and

9        13. For such further relief that the Court may deem just and proper.

10

11    DATED: November 20, 2018            Respectfully submitted,

12                    **MATERN LAW GROUP, PC**

13

14              By:

15                    Matthew J. Matern

16                    Mikael Stahle
                          Irina A. Kirnosova

17                    Attorneys for Plaintiff
                          BRYAN MADEIRA, individually, and on

18                    behalf of other persons similarly situated

19

20

21

22

23

24

25

26

27

28

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

16          CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

1

## DEMAND FOR JURY TRIAL

2

PLAINTIFF hereby demands a jury trial with respect to all issues triable of right by jury.

3

4

DATED: November 20, 2018

Respectfully submitted,

5

**MATERN LAW GROUP, PC**

6

By:

7

8

Matthew J. Matern

9

Mikael Stahle
Irina A. Kirnosova
Attorneys for Plaintiff

10

BRYAN MADEIRA, individually, and on
behalf of other persons similarly situated

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

17

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

# EXHIBIT B

 **Computershare**

**Computershare Governance Services, Inc.**
100 Beard Sawmill Road, Shelton, CT 06484

Converse Inc.
Carolyn Gutsick
NIKE, Inc.
One Bowerman Drive, Air Ace
BEAVERTON OR 97005

December 27, 2018

# SERVICE OF PROCESS NOTICE

**Item:** 2018-522

The following is a courtesy summary of the enclosed document(s). **ALL information should be verified by you.**

Note: Any questions regarding the substance of the matter described below, including the status or to whom or where to respond, should be directed to the person set forth in line 12 below or to the court or government agency where the matter is being heard.

| | | |
|---|---|---|
| 1. | Client Entity: | Converse Inc. |
| 2. | Title of Action: | Bryan Madeira, ind. and on behalf of others similarly situated vs. Converse Inc., et al. |
| 3. | Document(s) Served: | Summons<br>Complaint<br><br>Demand for Jury Trial<br>Civil Case Cover Sheet |
| 4. | Court/Agency: | Los Angeles County Superior Court |
| 5. | State Served: | California |
| 6. | Case Number: | CIVDS1830261 |
| 7. | Case Type: | Failure to Provide Required Meal Periods (Other Employment) |
| 8. | Method of Service: | Hand Delivered |
| 9. | Date Received: | Wednesday 12/26/2018 |
| 10. | Date to Client: | Thursday 12/27/2018 |
| 11. | # Days When Answer Due: 30<br><br>Answer Due Date: 1/25/2019 | | **CAUTION:** Client is solely responsible for verifying the accuracy of the estimated Answer Due Date. To avoid missing a crucial deadline, we recommend immediately confirming in writing with opposing counsel that the date of service in their records matches the Date Received. |
| 12. | SOP Sender:<br>(Name, Address and Phone Number) | Matern Law Group, PC<br>Manhattan Beach, CA<br>310-531-1900 |
| 13. | Shipped to Client By: | Email Only with PDF Link |
| 14. | Tracking Number: | Not Applicable |
| 15. | Handled By: | 051 |
| 16. | Notes: | Also Attached: * Certificate of Assignment |

NOTE: This notice and the information above is provided for general informational purposes only and should not be considered a legal opinion. The client and their legal counsel are solely responsible for reviewing the service of process and verifying the accuracy of all information. At ComputerShare, we take pride in developing systems that effectively manage risk so our clients feel comfortable with the reliability of our service. We always deliver service of process so our clients avoid the risk of a default judgment. As registered agent, our role is to receive and forward service of process. To decrease risk for our clients, it is not our role to determine the merits of whether service of process is valid and effective. It is the role of legal counsel to assess whether service of process is invalid or defective. Registered agent services are provided by ComputerShare Governance Services, Inc.

11/20/2018 TUE 16:38 FAX  ☒002/022

**SUMMONS**
**(CITACION JUDICIAL)**

SUM-100

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:** CONVERSE INC., a Delaware corporation and
*(AVISO AL DEMANDADO):* DOES 1 through 50, inclusive,

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

NOV 21 2018

BY _____
MICHAEL WELCH II, DEPUTY

**YOU ARE BEING SUED BY PLAINTIFF:** BRYAN MADEIRA, an individual,
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* and on behalf of others
similarly situated

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case. ¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
*(El nombre y dirección de la corte es):*
San Bernardino Justice Center
247 W. 3rd St.
San Bernardino, California 92415

CASE NUMBER
*(Número del Caso)*: CIVDS1830261

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Matern Law Group, PC
1230 Rosecrans Avenue, Suite 200, Manhattan Beach, CA 90266 (310) 531-1900

DATE: **NOV 21 2018** Clerk, by **Michael Welch H**, Deputy
*(Fecha)* *(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

NOTICE TO THE PERSON SERVED: You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☒ on behalf of (specify): Converse Inc., a Delaware corporation

under: ☒ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

**SUMMONS**

11/20/2018 TUE 16:52 FAX @020/022

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Matthew J. Matern SBN: 159798 Matern Law Group, PC 1230 Rosecrans Avenue, Suite 200, Manhattan Beach, CA 90266 TELEPHONE NO.: (310) 531-1900 FAX NO.: (310) 531-1901 ATTORNEY FOR (Name): Bryan Madeira | **FILED** SUPERIOR COURT OF CALIFORNIA COUNTY OF SAN BERNARDINO SAN BERNARDINO DISTRICT **NOV 21 2018** BY _____ MICHAEL WELCH II, DEPUTY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO
STREET ADDRESS: 247 W. 3rd St.
MAILING ADDRESS: 247 W. 3rd St.
CITY AND ZIP CODE: San Bernardino, CA 92415
BRANCH NAME: Civil Division

CASE NAME: Bryan Madeira vs. Converse, Inc.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: CIVDS1830261 |
|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [X] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [X] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [X] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a.[X] monetary   b.[X] nonmonetary; declaratory or injunctive relief   c.[X] punitive
4. Number of causes of action (specify): Ten (10)
5. This case [X] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: November 20, 2018

Matthew J. Matern
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

CIVIL CASE COVER SHEET

11/20/2018 TUE 16:54 FAX @022/022

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

CIVDS1830261

BRYAN MADEIRA

CASE NO.: _____

vs.

**CERTIFICATE OF ASSIGNMENT**

CONVERSE INC.

A civil action or proceeding presented for filing must be accompanied by this Certificate. If the ground is the residence of a party, name and residence shall be stated.

The undersigned declares that the above-entitled matter is filed for proceedings in the
San Bernardino _____ District of the Superior Court under Rule 404 of this court for the checked reason:

☒ General ☐ Collection

| | Nature of Action | Ground |
|---|---|---|
| ☐ | 1. Adoption | Petitioner resides within the district |
| ☐ | 2. Conservator | Petitioner or conservatee resides within the district. |
| ☐ | 3. Contract | Performance in the district is expressly provided for. |
| ☐ | 4. Equity | The cause of action arose within the district. |
| ☐ | 5. Eminent Domain | The property is located within the district. |
| ☐ | 6. Family Law | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 7. Guardianship | Petitioner or ward resides within the district or has property within the district. |
| ☐ | 8. Harassment | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 9. Mandate | The defendant functions wholly within the district. |
| ☐ | 10. Name Change | The petitioner resides within the district. |
| ☐ | 11. Personal Injury | The injury occurred within the district. |
| ☐ | 12. Personal Property | The property is located within the district. |
| ☐ | 13. Probate | Decedent resided or resides within the district or had property within the district. |
| ☐ | 14. Prohibition | The defendant functions wholly within the district. |
| ☐ | 15. Review | The defendant functions wholly within the district. |
| ☐ | 16. Title to Real Property | The property is located within the district. |
| ☐ | 17. Transferred Action | The lower court is located within the district. |
| ☐ | 18. Unlawful Detainer | The property is located within the district. |
| ☐ | 19. Domestic Violence | The petitioner, defendant, plaintiff or respondent resides within the district. |
| ☒ | 20. Other Employment.......... | |
| ☐ | 21. THIS FILING WOULD | NORMALLY FALL WITHIN JURISDICTION OF SUPERIOR COURT |

The address of the accident, performance, party, detention, place of business, or other factor which qualifies this case for filing in the above-designed district is:

| Converse Inc. | 1460 S. Hofer Ranch Road |
|---|---|
| NAME – INDICATE TITLE OR OTHER QUALIFYING FACTOR | ADDRESS |
| Ontario | CA | 91761 |
| CITY | STATE | ZIP CODE |

I declare, under penalty of perjury, that the foregoing is true and correct and that this declaration was executed on November 20, 2018 at Manhattan Beach _____ California

CERTIFICATE OF ASSIGNMENT

13-16503-360.
Rev 06-2014 Mandatory

DEC 2 6 2018

# EXHIBIT C

**F I L E D**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

**JAN 25 2019**

BY _____
JESSICA GONZALEZ, DEPUTY

1  SEYFARTH SHAW LLP
   Jon D. Meer (SBN 144389)
2  jmeer@seyfarth.com
   Michael Afar (SBN 298990)
3  mafar@seyfarth.com
   2029 Century Park East, Suite 3500
4  Los Angeles, California 90067-3021
   Telephone:    (310) 277-7200
5  Facsimile:    (310) 201-5219

6  SEYFARTH SHAW LLP
   Amanda I. Fry (SBN 317093)
7  afry@seyfarth.com
   601 South Figueroa Street, Suite 3300
8  Los Angeles, California 90017-5793
   Telephone:    (213) 270-9600
9  Facsimile:    (213) 270-9601

10  Attorneys for Defendant
    CONVERSE, INC.

11

12  **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

13  **FOR THE COUNTY OF SAN BERNARDINO**

14

15  BRYAN MADEIRA, an individual, and on          Case No. CIVDS1830261
    behalf of others similarly situated,
16                                                  **DEFENDANT CONVERSE, INC.'S**
                 Plaintiff,                         **ANSWER TO PLAINTIFF'S**
17                                                  **UNVERIFIED CLASS ACTION**
                                                    **COMPLAINT**
18        v.
                                                    Complaint Filed:    November 21, 2018
19  CONVERSE INC., a Delaware corporation and
    DOES 1-50, inclusive,
20
                 Defendants.
21

22

23

24

25

26

27

28

54352734v.2

Defendant Converse, Inc. ("Defendant") hereby answers the unverified Class Action Complaint ("Complaint") filed on behalf of Plaintiff Bryan Madeira ("Plaintiff"), purportedly acting on behalf of himself and others similarly situated as follows:

**GENERAL DENIAL**

Pursuant to California Code of Civil Procedure Section 430.10(d) and (e), Defendant denies, generally and specifically, each and every allegation, and each purported cause of action contained in Plaintiff's Complaint.  Defendant further denies, generally and specifically, that Plaintiff has been damaged in any amount, or at all, by reason of any alleged act or omission of Defendant.  Defendant further denies, generally and specifically, that Plaintiff has suffered any loss of wages, overtime, penalties, compensation, benefits or restitution, or any other legal or equitable relief within the jurisdiction of this Court.

In further answer to the Complaint, and as separate and distinct affirmative or additional defenses, Defendant alleges as follows:

**FIRST AFFIRMATIVE OR ADDITIONAL DEFENSE**

(Failure to State a Cause of Action Upon Which Relief Can Be Granted)

1.      The Complaint, and each purported cause of action alleged therein, fails to state any cause of action upon which relief can be granted.

**SECOND AFFIRMATIVE OR ADDITIONAL DEFENSE**

(Failure to Exhaust Administrative Remedies)

2.      Plaintiff's Complaint, and each purported cause of action alleged therein, is barred to the extent that Plaintiff has failed to exhaust any administrative or statutory remedies provided under California Labor Code Sections 226, 226.7, 510, 512, 1194, 1197, 1197.1, and 2698 et seq. (the "Labor Code Private Attorneys General Act of 2004" or "PAGA").  To the extent that Plaintiff was required to exhaust any administrative remedies provided by various sections of PAGA, he failed to do so, and thus, lacks standing to sue under PAGA.

DEFENDANT CONVERSE, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

54352734v.2

### THIRD AFFIRMATIVE OR ADDITIONAL DEFENSE

(Waiver)

3.      Plaintiff has waived his right to assert the purported claims contained in the Complaint, and each purported cause of action therein, against Defendant.  Plaintiff, by his own conduct and actions, has waived the right, if any, to assert the claims alleged in the Complaint.

### FOURTH AFFIRMATIVE OR ADDITIONAL DEFENSE

(Estoppel)

4.      Plaintiff is barred by the doctrine of estoppel from pursuing his Complaint, and each purported cause of action alleged therein.  Plaintiff, by his own conduct and actions, is estopped, as a matter of law, from pursuing the claims alleged in the Complaint.

### FIFTH AFFIRMATIVE OR ADDITIONAL DEFENSE

(Release)

5.      To the extent Plaintiff or any putative member of the purported class has executed a release encompassing claims alleged in the Complaint, his/her claims are barred by that release.

### SIXTH AFFIRMATIVE OR ADDITIONAL DEFENSE

(Laches)

6.      Plaintiff is barred by the doctrine of laches from pursuing his Complaint, and each purported cause of action alleged therein, because Plaintiff exercised inexcusable delay in commencing this action.  Additionally, employees are instructed on how to report any alleged improper activity.  To the extent that Plaintiff and/or the putative class failed to report any such alleged conduct, their claims are barred by the doctrine of laches.

### SEVENTH AFFIRMATIVE OR ADDITIONAL OR ADDITIONAL DEFENSE

(Unclean Hands)

7.      Plaintiff is precluded from maintaining the Complaint, and each purported cause of action alleged therein, because Plaintiff engaged in conduct showing unclean hands.

DEFENDANT CONVERSE, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

54352734v.2

## EIGHTH AFFIRMATIVE OR ADDITIONAL DEFENSE

### (Statutes of Limitation)

8.      Plaintiff's Complaint, and each purported cause of action alleged therein, is barred by the applicable statutes of limitation for each alleged cause of action, including but not limited to California Code of Civil Procedure sections 312, 337, 338(a), 340, and 343, and California Business and Professions Code Section 17208.

## NINTH AFFIRMATIVE OR ADDITIONAL DEFENSE

### (No Equitable Tolling)

9.      Plaintiff's claims are not entitled to equitable tolling.

## TENTH AFFIRMATIVE OR ADDITIONAL DEFENSE

### (Failure to Mitigate Damages)

10.     Defendant alleges, based on information and belief, that Plaintiff and/or the putative class had the ability and opportunity to mitigate the purported damages alleged in the Complaint and failed to act reasonably to mitigate such damages.  By reason of the foregoing, Plaintiff and/or the putative class are barred in whole or in part from recovery of damages from Defendant.

## ELEVENTH AFFIRMATIVE OR ADDITIONAL DEFENSE

### (Contribution By Plaintiff's Own Acts)

11.     If the injuries and/or alleged damages in the Complaint occurred at all (which Defendant denies), such injuries and/or alleged damages were proximately caused by and/or contributed to by Plaintiff and/or the putative class's own acts, omissions, and/or failures to act.

## TWELFTH AFFIRMATIVE OR ADDITIONAL DEFENSE

### (Lack Of Standing)

12.     Plaintiff's Complaint, and each purported cause of action alleged therein, is barred for lack of subject matter jurisdiction to the extent Plaintiff lacks standing to assert any of the causes of action contained in the Complaint because Plaintiff has not suffered any injury.

DEFENDANT CONVERSE, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

54352734v.2

## THIRTEENTH AFFIRMATIVE OR ADDITIONAL DEFENSE

### (Prompt Remedial Action)

13.     Defendant took prompt and appropriate corrective action in response to Plaintiff's Complaint or stated concerns regarding the workplace, if in fact Plaintiff and/or the putative class made any such complaints, thereby satisfying all legal duties and obligations Defendant had to Plaintiff and/or the putative class, if any at all.

## FOURTEENTH AFFIRMATIVE OR ADDITIONAL DEFENSE

### (No Knowledge Of Overtime Or Denial Of Meal Or Rest Periods)

14.     Plaintiff's Complaint, and each purported cause of action alleged therein, is barred to the extent that Defendant did not have actual or constructive knowledge about any purported overtime or off-the-clock work allegedly performed by Plaintiff and/or the putative class.  Defendant also did not have actual or constructive knowledge that Plaintiff and/or the putative class were denied any meal or rest periods.  *See, e.g.*, *Brinker v. Superior Court*, 53 Cal. 4th 1004, 1051-1052 (2012); *Forrester v. Roth's I.G.A. Foodliner, Inc.*, 646 F.2d 413, 414 (9th Cir. 1981) ("where an employer has no knowledge that an employee is engaging in overtime work and that employee fails to notify the employer or deliberately prevents the employer from acquiring knowledge of the overtime work, the employer's failure to pay for the overtime hours are not a violation").

## FIFTEENTH AFFIRMATIVE OR ADDITIONAL DEFENSE

### (Waiver Of Meal Periods)

15.     Plaintiff's Complaint, and each cause of action contained therein, is barred to the extent that Plaintiff and/or the putative class signed legally valid written waivers of any meal periods or voluntarily waived meal periods.

## SIXTEENTH AFFIRMATIVE OR ADDITIONAL DEFENSE

### (Waiver Of Second Meal Periods)

16.     Plaintiff's Complaint, and each cause of action contained therein, is barred to the extent that Plaintiff and/or the putative class waived their second 30-minute meal period during shifts, if any, in which they worked at least 10 hours, but less than 12 hours, and were provided with the first 30-minute meal period during those same shifts.

1

## SEVENTEENTH AFFIRMATIVE OR ADDITIONAL DEFENSE

2

(Accord and Satisfaction)

3      17.     Plaintiff and/or the putative class's claims are barred by the doctrine of accord and

4   satisfaction.  Specifically, Plaintiff and/or the putative class were properly and fully compensated for all

5   work performed for Defendant, and their acceptance of these payments constituted an accord and

6   satisfaction for all debts, if any, owed by Defendant to Plaintiff.

7

## EIGHTEENTH AFFIRMATIVE OR ADDITIONAL DEFENSE

8

(Unjust, Arbitrary, And Oppressive, Or Confiscatory Penalties)

9      18.     Plaintiff and/or the putative class are not entitled to recover any civil penalties because,

10   under the circumstances of this case, any such recovery would be unjust, arbitrary, and oppressive, or

11   confiscatory.

12

## NINETEENTH AFFIRMATIVE OR ADDITIONAL DEFENSE

13

(Failure To Use Ordinary Care)

14      19.     Plaintiff's Complaint, and each purported cause of action alleged therein, is barred to the

15   extent that Plaintiff and/or the putative class received good consideration in agreement to serve as an

16   employee of Defendant, yet failed to use ordinary care and diligence during their employment, or

17   employment-related duties, pursuant to California Labor Code Section 2854.

18

## TWENTIETH AFFIRMATIVE OR ADDITIONAL DEFENSE

19

(Failure To Conform To Usage Of Place Of Performance)

20      20.     Plaintiff's Complaint, and each purported cause of action alleged therein, is barred to the

21   extent that Plaintiff and/or the putative class failed to perform services in conformity to the usage of the

22   place of performance and was not otherwise directed by the employer, and such performance was

23   neither impracticable, nor manifestly injurious to Plaintiff and/or the putative class, pursuant to

24   California Labor Code Section 2857.

25

## TWENTY-FIRST AFFIRMATIVE OR ADDITIONAL DEFENSE

26

(Res Judicata And Collateral Estoppel)

27      21.     Plaintiff's Complaint, and each purported cause of action alleged therein, is barred by the

28   doctrines of res judicata and/or collateral estoppel, to the extent Plaintiff and/or the putative class have

DEFENDANT CONVERSE, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

1    asserted the same claims in any prior legal or administrative proceeding, and did not prevail on such

2    claim.

3    **TWENTY-SECOND AFFIRMATIVE OR ADDITIONAL DEFENSE**

4    (Inability To Pursue Penalties Under California Labor Code § 2698 *et seq.*)

5    22.    Plaintiff's Complaint is barred to the extent that it seeks civil penalties for alleged

6    violations of the Labor Code that already contain a statutory or other civil penalty.

7    **TWENTY-THIRD AFFIRMATIVE OR ADDITIONAL DEFENSE**

8    (Not "Aggrieved Employees")

9    23.    Plaintiff's Complaint, and each purported claim alleged therein, is barred because

10    Plaintiff is not an aggrieved employee and is not entitled to any relief under Labor Code § 2698 *et seq*.

11    Plaintiff's Complaint, and each purported claim alleged therein, is further barred to the extent it seeks to

12    recover penalties on behalf of individuals who are not "aggrieved employees."

13    **TWENTY-FOURTH AFFIRMATIVE OR ADDITIONAL DEFENSE**

14    (Unlawful Delegation of Executive Authority)

15    24.    Plaintiff's Complaint, and each purported claim alleged therein, is barred to the extent

16    private actions seeking PAGA penalties manifest an unlawful delegation of executive authority.

17    **TWENTY-FIFTH AFFIRMATIVE OR ADDITIONAL DEFENSE**

18    (No Penalties Beyond "Initial" Violation)

19    25.    Plaintiff's Complaint, and each purported claim alleged therein, is barred to the extent

20    Plaintiff, and the individuals on whose behalf Plaintiff seeks relief, seek penalties beyond the "initial"

21    violation as described in California Labor Code § 2699(f)(2).

22    **TWENTY-SIXTH AFFIRMATIVE OR ADDITIONAL DEFENSE**

23    (Lack Of Standing For Injunctive Relief)

24    26.    Plaintiff's Complaint for injunctive and other equitable relief is barred because Plaintiff

25    and/or the putative class are not entitled to the equitable relief sought insofar as they have an adequate

26    remedy at law and/or cannot make the requisite showing to obtain injunctive relief in a labor dispute.

27

28

6

DEFENDANT CONVERSE, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

54352734v.2

1

## TWENTY-SEVENTH AFFIRMATIVE OR ADDITIONAL DEFENSE

2

(Substantial Compliance)

3     27.     Plaintiff's Complaint, and each purported cause of action alleged therein, is barred in

4     whole or in part because Defendant complied with its statutory obligations, and to the extent it is

5     determined that there was technical non-compliance, Defendant substantially complied with its

6     obligations and is not liable in whole or in part for the claims of Plaintiff and/or the putative class.

7

## TWENTY-EIGHTH AFFIRMATIVE OR ADDITIONAL DEFENSE

8

(Destruction Of Records)

9     28.     Plaintiff's Complaint, and each purported cause of action alleged therein, fails to the

10    extent that Plaintiff and/or the putative class spoliated, destroyed, failed to produce, and/or failed to

11    maintain the records necessary to pursue their claims or damages sought.

12

## TWENTY-NINTH AFFIRMATIVE OR ADDITIONAL DEFENSE

13

(No Knowledge Of Reasonable And Necessary Business Expenses)

14    29.     Plaintiff's Complaint, and each purported cause of action alleged therein, fails to the

15    extent that Plaintiff and/or the putative class did not inform Defendant of or seek indemnification for

16    reasonably and necessarily incurred business expenses.  An employer cannot be held liable for failing to

17    indemnify an employee's necessary expenses if it does not know or have reason to know that the

18    employee has incurred the expense.

19

## THIRTIETH AFFIRMATIVE OR ADDITIONAL DEFENSE

20

(No Liquidated Damages)

21    30.     Plaintiff is not entitled to liquidated damages because any acts or omissions giving rise to

22    Plaintiff and/or the putative class's claims were undertaken or made in good faith, and the Defendant

23    had reasonable grounds for believing that its actions or omissions did not violate the law.

24

## THIRTY-FIRST AFFIRMATIVE OR ADDITIONAL DEFENSE

25

(Manageability)

26    31.     Plaintiff's Complaint is not proper for treatment as a representative action under PAGA

27    because, among other reasons, the representative action is not manageable.

28

DEFENDANT CONVERSE, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

54352734v.2

## THIRTY-SECOND AFFIRMATIVE OR ADDITIONAL DEFENSE

### (*De Minimis*)

32.     Plaintiff's Complaint, and each cause of action alleged therein, fails to the extent that, even if Plaintiff and/or the putative class are alleging that they were not paid for all hours worked or for work off-the-clock, such time is so brief in duration or irregular as to be *de minimis* and therefore not compensable.

## THIRTY-THIRD AFFIRMATIVE OR ADDITIONAL DEFENSE

### (No Knowing and Intentional Violation of Labor Code)

33.     Any alleged violation of the California Labor Code was not knowing and intentional and therefore Plaintiff's requested recovery is barred.

## THIRTY-FOURTH AFFIRMATIVE OR ADDITIONAL DEFENSE

### (No Injury as a Result of Violation of Labor Code)

34.     Plaintiff and/or the putative class have suffered no injury as a result of any alleged violation of the California Labor Code and therefore are barred from recovering penalties.

## THIRTY-FIFTH AFFIRMATIVE OR ADDITIONAL DEFENSE

### (Failure to Inform Employer of Alleged Violations)

35.     Plaintiff's Complaint, and each purported cause of action alleged therein, is barred to the extent that Defendant did not have actual or constructive knowledge about any purported overtime or off-the-clock work allegedly performed by Plaintiff and/or the putative class.  Defendant did not have actual or constructive knowledge about any alleged failure to pay minimum, overtime or other wages, and/or premium wages, and/or any alleged inaccuracies regarding wage statements or payroll records of Plaintiff and/or the putative class.  Defendant did not have actual or constructive knowledge that Plaintiff and/or the putative class were denied any meal or rest periods.  Plaintiff and/or the putative class, therefore, did not provide Defendant with an opportunity to correct any alleged violations and provide the appropriate remedy, if any, prior to the time Plaintiff filed the Complaint.

DEFENDANT CONVERSE, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

54352734v.2

### THIRTY-SIXTH AFFIRMATIVE OR ADDITIONAL DEFENSE

(Failure To Show A Lack of Payment of Overtime)

36.     Plaintiff's Complaint, and each purported cause of action alleged therein, is barred to the extent that assuming *arguendo* that Plaintiff and/or the putative class were entitled to be paid overtime (which Defendant denies), Plaintiff and/or the putative class cannot allege any facts showing that Defendant failed to pay the appropriate amount of overtime wages, if any, due to them pursuant to California Labor Code Sections 510 and 1194.

### THIRTY-SEVENTH AFFIRMATIVE OR ADDITIONAL DEFENSE

(Failure To Show Denial Of Meal And/Or Rest Periods)

37.     Plaintiff's Complaint, and each purported cause of action alleged therein, is barred to the extent that, Plaintiff and/or the putative class cannot allege facts that show that Defendant required or requested Plaintiff and/or the putative class to work during any meal or rest period or failed to provide an employee with a meal period or failed to authorize and permit a rest period in accordance with an applicable order of the California Industrial Welfare Commission or the California Labor Code.

### THIRTY-EIGHTH AFFIRMATIVE OR ADDITIONAL DEFENSE

(Meal And Rest Periods Were Authorized, Permitted, And Taken)

38.     Plaintiff's Complaint, and each purported cause of action alleged therein, is barred to the extent that Plaintiff and/or the putative class did, in fact, take all meal periods or rest breaks to which Plaintiff and/or the putative class claims they were entitled throughout their employment.  Defendant, at all relevant times, posted the applicable Wage Order and had policies and practices that provided meal periods and authorized and permitted rest periods as required by law.

### THIRTY-NINTH AFFIRMATIVE OR ADDITIONAL DEFENSE

(Premium Wages Paid For Alleged Failure To Take Meal Periods Or Rest Period)

39.     Plaintiff's Complaint, and each purported cause of action alleged therein, is barred to the extent that Plaintiff and/or the putative class were paid a "premium wage" of an additional hour of regular pay for each day, if any, when not provided a meal period or authorized or permitted to take a rest period.  The payment of such "premium wages" negates any additional liability for alleged meal or rest period violations.

DEFENDANT CONVERSE, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

54352734v.2

1

## FORTIETH AFFIRMATIVE OR ADDITIONAL DEFENSE

2

(Failure To Show The Lack Of Itemized Or Accurate Wage Statement)

3       40.     Plaintiff's Complaint, and each cause of action contained therein, is barred to the extent

4   that Plaintiff and/or the putative class cannot show that Defendant failed to furnish an accurate, itemized

5   statement in writing at the time of each payment of wages.

6

## FORTY-FIRST AFFIRMATIVE OR ADDITIONAL DEFENSE

7

(Failure To Show Intentional Violation Of Wage Statements Requirement)

8       41.     Plaintiff's Complaint, and each cause of action contained therein, is barred to the extent

9   that Plaintiff and/or the putative class cannot show that Defendant willfully, knowingly and intentionally

10   violated the provisions of California Labor Code Section 226.

11

## FORTY-SECOND AFFIRMATIVE OR ADDITIONAL DEFENSE

12

(Good Faith Dispute And Waiting Time Penalties)

13       42.     Plaintiff and/or the putative class are not entitled to any penalties because, at all times

14   relevant and material herein, Defendant did not willfully fail to comply with any provisions of the

15   California Labor Code or applicable wage orders, but rather acted in good faith and had reasonable

16   grounds for believing that it did not violate the California Labor Code or the applicable wage order.

17

## FORTY-THIRD AFFIRMATIVE OR ADDITIONAL DEFENSE

18

(Failure To Follow Employer's Established Procedures)

19       43.     Plaintiff and/or the putative class are not entitled to recover from Defendant as alleged in

20   the Complaint for any damages, interest, restitution, injunction, or other relief, due to their failure to

21   comply with all directions of their employer concerning the service on which they were engaged, in

22   violation of California Labor Code section 2856.

23

## FORTY-FOURTH AFFIRMATIVE OR ADDITIONAL DEFENSE

24

(Action Unconstitutional)

25       44.     Prosecuting a class action and certification of the alleged class as representative of the

26   general public under California Business and Professions Code Section 17200 is barred, under the facts

27   and circumstances of this case, because provisions of Section 17200 violate the provisions of the United

28

54352734v.2

States and California Constitutions, including but not limited to, the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

### FORTY-FIFTH AFFIRMATIVE OR ADDITIONAL DEFENSE

(Lack of Standing Under Business and Professions Code Section 17200)

45.     Plaintiff's Complaint, and each purported cause of action alleged therein, fails to the extent that Plaintiff, or any person upon whose behalf Plaintiff purports to act, lacks the requisite standing to sue under Proposition 64, enacted on November 2, 2004, as California Business and Professions Code Section 17204.  Under Proposition 64, any plaintiff suing for an alleged violation of the California Unfair Competition Law (the "UCL"), California Business and Professions Code Section 17200, *et seq.*, must show that he or he has suffered an injury in fact, in addition to simply alleging a loss of money or property.  Since Plaintiff, or any other person on whose behalf Plaintiff purports to act, cannot allege the requisite injury in fact, in addition to the requisite loss of money or property, Plaintiff lacks standing to sue under the UCL.

### FORTY-SIXTH AFFIRMATIVE OR ADDITIONAL DEFENSE

(No Unfair Business Practice)

46.     Without admitting the allegations of the Complaint, Defendant alleges that Plaintiff's Complaint, and each purported cause of action alleged therein, fails because the alleged practices of Defendant are not unfair, unlawful or fraudulent, the public is not likely to be deceived by any alleged practices, Defendant gained no competitive advantage by such practices, and the benefits of the alleged practices outweigh any harm or other impact they may cause.

### FORTY-SEVENTH AFFIRMATIVE OR ADDITIONAL DEFENSE

(Failure To Allege Facts To Support Restitution)

47.     Plaintiff's Complaint, and each purported cause of action alleged therein, fails to the extent that Plaintiff and/or the putative class cannot show a specific and individualized amount of property claimed by Plaintiff and/or the putative class, as required for a remedy of restitution under the UCL.

DEFENDANT CONVERSE, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

54352734v.2

1

## FORTY-EIGHTH AFFIRMATIVE OR ADDITIONAL DEFENSE

2

(Inability to Pursue Attorneys' Fees Under UCL)

3    48.    Plaintiff's Complaint, and each purported cause of action alleged therein, fails to the

4   extent that Plaintiff seeks attorneys' fees and costs because Plaintiff cannot show the enforcement of an

5   important right affecting the public interest.

6

## FORTY-NINTH AFFIRMATIVE OR ADDITIONAL DEFENSE

7

(Adequate Remedy At Law)

8    49.    Plaintiff and/or the putative class is not entitled to the equitable relief sought insofar as

9   they have an adequate remedy at law and/or cannot make the requisite showing to obtain injunctive

10   relief.

11

## FIFTIETH AFFIRMATIVE OR ADDITIONAL DEFENSE

12

(Offset)

13    50.    To the extent a court holds that Plaintiff and/or the putative class are entitled to damages

14   or penalties, which is specifically denied, Defendant is entitled to an offset for any overpayment of

15   wages, forgiveness of debt, and/or other consideration previously provided to Plaintiff and/or the

16   putative class.  To the extent a court holds that Plaintiff and/or the putative class are entitled to damages

17   or penalties, which is specifically denied, Defendant is entitled under the equitable doctrine of setoff and

18   recoupment to offset all overpayments and/or all obligations that Plaintiff and/or the putative class owed

19   to Defendant against any judgment that may be entered against Defendant.

20

## FIFTY-FIRST AFFIRMATIVE OR ADDITIONAL DEFENSE

21

(Ratification)

22    51.    Plaintiff's Complaint, and each purported cause of action alleged therein, is barred on the

23   ground that Plaintiff and/or the putative class ratified Defendant's alleged actions.

24

## FIFTY-SECOND AFFIRMATIVE OR ADDITIONAL DEFENSE

25

(Consent/Authorization)

26    52.    Plaintiff's Complaint, and each purported cause of action alleged therein, is barred, in

27   whole or in part, because the alleged conduct of Defendant complained of in the Complaint was

28

approved, consented to, and/or authorized by Plaintiff and/or the putative class through their actions, omissions, and course of conduct.

## FIFTY-THIRD AFFIRMATIVE OR ADDITIONAL DEFENSE

### (Avoidable Consequences)

53.     Plaintiff's Complaint, and each and every cause of action alleged therein, is barred by the doctrine of avoidable consequences.

## FIFTY-FOURTH AFFIRMATIVE OR ADDITIONAL DEFENSE

### (Due Process/Excessive Fine)

54.     Although Defendant denies that it has committed or has responsibility for any act that could support the recovery of civil penalties in this lawsuit, if and to the extent any such act or responsibility is found, recovery of civil penalties against Defendant is unconstitutional under numerous provisions of the United States Constitution and the California Constitution, including the excessive fines clause of the Eighth Amendment, the due process clauses of the Fifth Amendment and Section 1 of the Fourteenth Amendment, the self-incrimination clause of the Fifth Amendment, and other provisions of the United States Constitution, and the excessive fines clause of Section 17 of Article I, the due process clause of Section 7 of Article I, the self-incrimination clause of Section 15 of Article I, and other provisions of the California Constitution.  The penalties Plaintiff and/or the putative class seeks are disproportionate to any damage or loss incurred as a result of Defendants' conduct, and therefore are unconstitutional.

## FIFTY-FIFTH AFFIRMATIVE OR ADDITIONAL DEFENSE

### (PAGA Violates Due Process)

55.     The Complaint is barred because allowing Plaintiff to bring a representative action under PAGA violates Defendants' right to due process.  Prosecution of a representative action under California Labor Code Section 2698 *et seq.*, based upon the facts and circumstances of this case, would be an unconstitutional denial of Defendants' rights contained in the United States and California Constitutions, including, but not limited to, the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

DEFENDANT CONVERSE, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

## FIFTY-SIXTH AFFIRMATIVE OR ADDITIONAL DEFENSE

(Failure To State Facts Warranting Class Certification And Class Damages)

56.     Plaintiff's allegations that this action should be certified as a class action or representative action fail as a matter of law because Plaintiff cannot allege facts sufficient to warrant class certification and/or an award of class damages, pursuant to California Code of Civil Procedure Section 382 or Rule 23 of the Federal Rules of Civil Procedure.

## FIFTY-SEVENTH AFFIRMATIVE OR ADDITIONAL DEFENSE

(Failure To State Facts Warranting A Predominance Of Common Questions Of Fact And Law)

57.     Plaintiff's Complaint, and each cause of action alleged therein, fails to the extent that Plaintiff cannot allege predominant questions of fact and law, as required under California Code of Civil Procedure Section 382 or Rule 23 of the Federal Rules of Civil Procedure.

## FIFTY-EIGHTH AFFIRMATIVE OR ADDITIONAL DEFENSE

(Failure To Show Adequate Damages)

58.     Plaintiff's Complaint, and each purported cause of action alleged therein, fails to the extent that Plaintiff cannot show a specific or reliable measure of alleged damages owed to Plaintiff and/or the members of the purported class.

## FIFTY-NINTH AFFIRMATIVE OR ADDITIONAL DEFENSE

(Not Appropriate for Class Action)

59.     Plaintiff's Complaint, and each purported cause of action alleged therein, is not proper for treatment as a class action because, among other reasons: (a) Plaintiff is an inadequate representative of the purported class; (b) Plaintiff cannot establish commonality of claims; (c) Plaintiff cannot establish typicality of claims; and (d) the individualized nature of Plaintiff's claims predominate and thus makes class treatment inappropriate.

## SIXTIETH AFFIRMATIVE OR ADDITIONAL DEFENSE

(Class Action Not Superior Method of Adjudication)

60.     The alleged claims are barred, in whole or in part, as a class action, because a class action is not the superior method of adjudicating this dispute.

54352734v.2

**SIXTY-FIRST AFFIRMATIVE OR ADDITIONAL DEFENSE**

(Inadequate Class Representative)

61.     Plaintiff's Complaint, and each purported cause of action alleged therein, fails to the extent that Plaintiff is not an adequate representative of alleged class that he purports to represent. Defendant alleges that Plaintiff does not have claims typical of the alleged class, if any, and that Plaintiff's interests are antagonistic to the alleged class he purports to represent.  As such, the class action claims and allegations fail as a matter of law.

**SIXTY-SECOND AFFIRMATIVE OR ADDITIONAL DEFENSE**

(Inadequate Class Counsel)

62.     Plaintiff's Complaint, and each purported cause of action alleged therein, fails to the extent that Plaintiff's Counsel is not an adequate representative of alleged class, particularly to the extent that Counsel has been found to have engage in acts of fraud, dishonesty, or breach of fiduciary duty.  As such, the class action claims and allegations fail as a matter of law.

**PRAYER**

WHEREFORE, Defendant prays for judgment against Plaintiff as follows:

1.      That Plaintiff takes nothing by way of his Complaint;

2.      That Defendant did not damage or harm Plaintiff and/or the putative class, in any way;

3.      That Plaintiff and/or the putative class are not entitled to any wages, compensation, benefits, penalties, restitution, injunctive relief, declaratory relief, attorneys' fees, costs or any other legal or equitable remedy due to any act or omission of Defendant;

4.      That Plaintiff is not an adequate representative to bring an action under the standards of the California Unfair Competition Law, California Business and Professions Code Section 17200, et seq., California Code of Civil Procedure Section 382 and/or Rule 23 of the Federal Rules of Civil Procedure;

5.      That the Complaint fails to allege facts sufficient to show that there is a predominance of common questions of law or fact among Plaintiff and/or any other person upon whose behalf Plaintiff purports to act;

6.      That the Complaint be dismissed in its entirety with prejudice;

15

7. That judgment be entered in favor of Defendant and against Plaintiff on his entire Complaint and on all causes of action alleged therein;

8. That Defendant be awarded the costs of suit herein incurred as provided by statute; and

9. That Defendant be awarded such other and further relief as the Court may deem appropriate.

DATED: January 25, 2019                    SEYFARTH SHAW LLP


By: _____
    Jon Meer
    Michael Afar
    Amanda I. Fry
Attorneys for Defendant
CONVERSE INC.

16

54352734v.2

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: 2029 Century Park East, Suite 3500, Los Angeles, California 90067. On Janaury 25, 2019, I served the within document(s):

**DEFENDANT CONVERSE, INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED CLASS ACTION COMPLAINT**

☐ **(BY MAIL)** The envelope was mailed with postage thereon fully prepaid. As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **(BY FACSIMILE)** I delivered such document by facsimile to the respective facsimile number(s) of the party(ies) as stated below. The transmission was reported as complete without error.

☐ **(BY HAND DELIVERY)** I delivered the within documents to Nationwide Legal, Inc. for delivery to the person(s) at the address(es) set forth below with instructions that such envelope be delivered personally on _____, 2019.

☒ **(BY OVERNIGHT MAIL)** I am readily familiar with the firm's practice of collection and processing correspondence for mailing with Federal Express. Under that practice it would be deposited with Federal Express on that same day thereon fully prepaid at Los Angeles, California in the ordinary course of business. The envelope was sealed and placed for collection and mailing on that date following ordinary business practices.

Matthew J. Matern, Esq.                    Tel:    (310) 531-1900
Mikael Stahle, Esq.                        Fax:    (310) 531-1901
Irina A. Kirnosova, Esq.
MATERN LAW GROUP, PC                       *Attorneys for Plaintiff*
1230 Rosecrans Avenue, Suite 200
Manhattan Beach, CA 90266                  *Bryan Madeira*

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on January 25, 2019, at Los Angeles, California.

_Fern Jenkins_
Fern Jenkins

**PROOF OF SERVICE**

54352734v.2